# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE, *proceeding under a pseudonym*,

                                Plaintiff,

-against-

SEAN COMBS, DADDY'S HOUSE RECORDING INC., CE OPCO, LLC, BAD BOY ENTERTAINMENT HOLDINGS, INC., BAD BOY PRODUCTIONS HOLDINGS, INC., BAD BOY BOOKS HOLDINGS, INC., BAD BOY RECORDS LLC, BAD BOY ENTERTAINMENT LLC, BAD BOY PRODUCTIONS LLC, MARRIOTT INTERNATIONAL, INC., ORGANIZATIONAL DOES 1-10,

                                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/30/2024

24-cv-8054 (MKV)

OPINION & ORDER DENYING MOTION TO PROCEED UNDER A PSEUDONYM

MARY KAY VYSKOCIL, United States District Judge:

    In violation of Rule 10(a) of the Federal Rules of Civil Procedure and Rule 6.14 of the S.D.N.Y. Electronic Case Filing Rules & Instructions, Plaintiff "Jane Doe" filed this action under a pseudonym without leave of the Court against Defendants Sean Combs (a/k/a "P. Diddy"), a number of business entities that Combs allegedly controls, and Marriott International, Inc. [ECF No. 1 ("Cmpl.")]. Simultaneously with her Complaint, Plaintiff filed a motion to proceed under a pseudonym [ECF Nos. 13, 14 ("Buzbee Decl."), 15 ("Mem."), 16]. For the reasons set forth below, Plaintiff's motion to proceed under a pseudonym is DENIED.

### I.    BACKGROUND

    Defendant Sean Combs is a famous record executive and rapper. *See* Cmpl. ¶ 2. He is currently detained in New York while awaiting trial on federal criminal charges. *Id.* ¶ 23. Plaintiff "Jane Doe" alleges that Combs raped her and threatened her life in 2004. *See id*. ¶¶ 34–39. "She was nineteen years old at the time." *Id.* ¶ 34. She asserts a claim under the New York City Victims

of Gender-Motivated Violence Protection Act, which includes a provision that temporarily revives claims that otherwise would be barred by the statute of limitations. *See* N.Y.C. Ad. Code §§ 10-1102 *et seq.*; *id.* § 10-1103; *id.* § 10-1105.

Without leave of the Court, Plaintiff initiated this action by filing a complaint under the pseudonym "Jane Doe" and simultaneously filing an *ex parte* motion for leave to proceed under a pseudonym [ECF Nos. 1, 13]. In support of Plaintiff's motion, counsel filed a brief [15 ("Pl. Mem.")], his own declaration [ECF No. 14 ("Buzbee Decl.")], and a proposed order granting Plaintiff leave to proceed under the pseudonym Jane Doe [ECF No. 16]. Counsel represents that, "if required by this Court," he "will confidentially disclose [Plaintiff's] name to counsel for Defendants." Pl. Mem. at 1; *accord* Buzbee Decl. ¶ 3. He maintains, however, that "Plaintiff's interest in anonymity outweighs any other factors that would justify disclosing her name" publicly. Pl. Mem. at 2.

## II.   DISCUSSION

Rule 10 of the Federal Rules of Civil Procedure provides that a "complaint must name all the parties." Fed. R. Civ. P. 10(a); *see also Publicola v. Lomenzo*, 54 F.4th 108, 112 (2d Cir. 2022); *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020). This Rule "serves the vital purpose of facilitating public scrutiny of judicial proceedings." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188 (2d Cir. 2008). It "cannot be set aside lightly." *Id.* at 189. As the Second Circuit has explained, "The people have a right to know who is using their courts." *Id.* (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). Indeed, this "right is 'supported by the First Amendment.'" *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 404 (S.D.N.Y. 2019) (quoting *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 224 (S.D.N.Y. 2015), *aff'd*, 672 F. App'x 48 (2d Cir. 2016)).

2

In limited circumstances, a district court has discretion to grant an exception to the "general requirement of disclosure of the names of parties" to permit a party to proceed under a pseudonym. *Sealed Plaintiff*, 537 F.3d at 189 (internal quotation marks, citation, and brackets omitted). The question for the court is whether the plaintiff has a "substantial privacy" interest that "outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001)). The court must also consider the interests of the opposing party. *Id.* ("the interests of both the public and the opposing party should be considered."). Moreover, plaintiffs "seeking anonymity" must offer the court "more than just 'mere speculation'" about the competing interests at stake. *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405 (quoting *United States v. UCB, Inc.*, 2017 WL 838198, at *3 (S.D.N.Y. 2017)).

The Second Circuit has enumerated a "non-exhaustive" list of factors to determine whether a plaintiff's interest in anonymity outweighs the interests of both the public and the defendant. *Sealed Plaintiff*, 537 F.3d at 189. The *Sealed Plaintiff* factors are: (1) "whether the litigation involves matters that are highly sensitive and of a personal nature"; (2) "whether identification poses a risk of retaliatory physical or mental harm to the [plaintiff] or even more critically, to innocent non-parties"; (3) "whether identification presents other harms"; (4) "whether the plaintiff is particularly vulnerable . . . , particularly in light of [her] age"; (5) "whether the suit is challenging the actions of the government or that of private parties"; (6) "whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously"; (7) "whether the plaintiff's identity has thus far been kept confidential"; (8) "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity"; (9) "whether, because of the purely legal nature of the issues presented . . . , there is an atypically weak public interest in knowing the litigants'

3

identities"; and (10) "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." *Id.* at 190 (internal quotation marks and citations omitted) (alterations adopted). A district court is not required to discuss every factor or "use any particular formulation" provided that it "balance[s] the interests at stake." *Id.* at 191 n.4.

A. The *Sealed Plaintiff* Factors

  i. *Factor 1: This Litigation Involves Highly Sensitive and Personal Allegations, but this Factor is Not Dispositive.*

Plaintiff alleges that Combs raped her in frightening circumstances. *See* Cmpl. ¶¶ 37–39. Her allegations are "highly sensitive and of a personal nature," and, therefore, the first *Sealed Plaintiff* factor weighs in Plaintiff's favor. *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405 (quoting *Sealed Plaintiff*, 537 F.3d at 190); *see Doe v. Townes*, 2020 WL 2395159, at *3 (S.D.N.Y. May 12, 2020). However, this factor is not dispositive. *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 406. Simply put, "allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym." *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405 (citing *Doe v. Shakur*, 164 F.R.D. 359, 361–62 (S.D.N.Y. 1996) (Chin, J.) (collecting cases)). Indeed, many courts in this District have denied motions to proceed under a pseudonym despite concluding that the plaintiff's allegations were highly sensitive and personal. *See id.*; *Shakur*, 164 F.R.D. at 361 (denying motion despite concluding that "[i]f the allegations of the complaint are true, plaintiff was the victim of a brutal sexual assault" and "has very legitimate privacy concerns"); *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021); *Doe v. Leonelli*, 2022 WL 2003635, at *2 (S.D.N.Y. June 6, 2022); *Doe 1 v. Branca USA, Inc.*, 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022); *Townes*, 2020 WL 2395159, at *3, 6, 7.

4

> ii.   *Factors 2 and 3: Plaintiff's Allegations of Harm Are Insufficient.*

The second factor is "whether identification poses a risk of retaliatory physical or mental harm to the [plaintiff] or even more critically, to innocent non-parties." *Sealed Plaintiff*, 537 F.3d at 190. The third factor is "whether identification presents other harms." *Id.* Plaintiff's counsel asserts that "[t]here is a significant risk here of physical harm to Plaintiff that cannot be ignored." Pl. Mem. at 4. However, counsel offers no support for this assertion beyond the allegation in the Complaint that, twenty years ago, Combs threatened Plaintiff's life if she fled at the time of the alleged rape in 2004. Pl. Mem. at 4; *see* Cmpl. ¶ 39. As Plaintiff's own submissions make clear, however, Combs has had no contact with Plaintiff for the approximately twenty years since the alleged rape and Combs is currently detained pending trial. *See* Pl. Mem. at 5; Cmpl. ¶ 23. As such, counsel has not identified any present threat of physical harm to Plaintiff. *See Leonelli*, 2022 WL 2003635, at *2.

Plaintiff's counsel stresses that *other* alleged victims he represents "have stated . . . that Mr. Combs made threats of violence against them (or against the client's family members) if the client disclosed to anyone the facts of the sexual assaults." Buzbee Decl. ¶ 4; *see* Pl. Mem. at 4. But there is no allegation that Combs ever threatened to harm Plaintiff, or anyone else, if *Plaintiff* disclosed her alleged rape. *See* Buzbee Decl. ¶ 5 ("In Ms. Doe's case, Combs threatened Plaintiff . . . if she tried to leave the hotel room."). Plaintiff's counsel is asking the Court to speculate that Combs presents a current risk of physical harm to Plaintiff, even though his is currently detained, but Plaintiff must offer the Court "more than just 'mere speculation'" to justify proceeding anonymously. *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405.

Plaintiff's counsel asserts, without offering any evidence, that Plaintiff would "certainly experience" mental harm "if she is forced to reveal her identity to the public." Pl. Mem. at 5. In

5

this context, "public humiliation" is not enough.  *Leonelli*, 2022 WL 2003635, at *3 (quoting *Doe v. Hochul*, 2022 WL 836990, at *7 (E.D.N.Y. Mar. 12, 2022)); *see Rapp*, 537 F. Supp. 3d at 528 & n.38; *Abdel-Razeq v. Alvarez & Marsal, Inc.*, 2015 WL 7017431, at *3 (S.D.N.Y. Nov. 12, 2015).  Nor is it sufficient for plaintiff to put forth a "generalized" argument that revealing the identity of a victim of sexual assault would "further victimize" her.  *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 406.  Accepting such an argument "would be to hold that nearly any plaintiff alleging sexual . . . assault could proceed anonymously," which simply is not the law in this Circuit.  *Townes*, 2020 WL 2395159, at *4.

Rather, courts require "direct evidence linking disclosure of [plaintiff's] name to a specific . . . injury."  *Doe v. Gong Xi Fa Cai, Inc.*, 2019 WL 3034793, at *2 (S.D.N.Y. July 10, 2019).  One court in this Circuit allowed a plaintiff to proceed anonymously where she submitted evidence from a medical professional who predicted that requiring disclosure of her name would cause "psychological and emotional pain so intense that it would threaten her stability, her safety, and even her life."  *Doe v. Smith*, 105 F. Supp. 2d 40, 43 (E.D.N.Y. 1999).  Even where such medical evidence is present, other factors may still tip the balance against permitting a plaintiff to proceed anonymously.  *See Rapp*, 537 F. Supp. 3d at 529.

In all events, it is well-established that counsel's "conclusory statements and speculation" about mental harm to Plaintiff are insufficient.  *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 406; *see Branca USA, Inc.*, 2022 WL 2713543, at *4; *Doe v. Freydin*, 2021 WL 4991731, at *2 (S.D.N.Y. Oct. 27, 2021) (ruling that plaintiff's "own affidavit" about her risk of mental harm, without more, was "insufficient").  Indeed, Plaintiff's own brief makes clear that courts require evidence.  *See* Pl. Mem. at 4 (citing *Smith* and a Connecticut state court case and acknowledging that the plaintiffs in those cases submitted evidence from a "doctor" and "therapist," respectively).

Yet Plaintiff's counsel has not submitted evidence from any mental health professional, a sworn affidavit from Plaintiff, or any other evidence to support counsel's bald assertion that disclosure of Plaintiff's identity would injure her mental health. As such, Plaintiff has not carried her burden under governing law to show mental harm sufficient to justify anonymity.

The Court appreciates that Combs is a public figure and, therefore, Plaintiff is likely to face public scrutiny if she proceeds in her own name. The Court is not oblivious to the potential toll of such scrutiny on any litigant. However, Plaintiff's interest in avoiding public scrutiny, or even embarrassment, does not outweigh the interests of both Combs and the public in "the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Sealed Plaintiff*, 537 F.3d at 189.

Plaintiff "has chosen to bring this lawsuit," leveling "serious charges" against Combs and, as such, she "has put her credibility in issue." *Shakur*, 164 F.R.D. at 361. Combs is, therefore, entitled to investigate her background and challenge her allegations and her credibility. *See id.* Media outlets have a constitutional right to publish stories about this case. *See New York Civil Liberties Union v. New York City Transit Auth.*, 684 F.3d 286, 298 (2d Cir. 2012).

The Court also notes that a number of other alleged victims have filed lawsuits in this District against Combs in their own names. *See Ventura v. Combs et al.*, 23-cv-10098; *Jones v. Combs et al.*, 24-cv-1457; *McKinney v. Combs et al.*, 24-cv-3931; *English v. Combs et al.*, 24-cv-5090; *Richard v. Combs et al.*, 24-cv-6848; *Graves v. Combs et al.*, 24-cv-7201. All of these lawsuits involve sensitive allegations and expose the plaintiffs to scrutiny and embarrassment. Plaintiff has not shown that, unlike these other alleged victims, she is entitled to "the exceptional remedy of anonymity." *Rapp*, 537 F. Supp. 3d at 527–28.

Finally, with respect to the second *Sealed Plaintiff* factor, courts are especially concerned with "innocent non-parties." *Sealed Plaintiff*, 537 F.3d at 190. Plaintiff does not contend that disclosure of her identity poses a risk of harm to any innocent non-parties.

Turning to the third *Sealed Plaintiff* factor, Plaintiff does not argue that she faces "other" severe harms for which the second factor does not account. 537 F.3d at 190. Accordingly, the Court finds that Plaintiff's assertions of potential harms are speculative, unsupported by evidence, and insufficient to justify anonymity in this case.

    iii.    *Factor 4: Plaintiff's Age Weighs Against Anonymity.*

The fourth *Sealed Plaintiff* factor is whether Plaintiff is especially vulnerable, "particularly in light of [her] age." *Sealed Plaintiff*, 537 F.3d at 190. Plaintiff is an adult now, and she was not a minor when Combs allegedly raped her in 2004. *See* Cmpl. ¶ 34. She has not identified any reason for the Court to treat her as more vulnerable than the great run of adult plaintiffs who bring allegations of sexual assault in their own names. Thus, the fourth factor weighs against Plaintiff's request to proceed under a pseudonym. *See Townes*, 2020 WL 2395159, at *5.

    iv.    *Factor 5: Defendants' Status as Private Parties Weighs Against Anonymity.*

The fifth *Sealed Plaintiff* factor is whether the suit challenges the actions of the government or that of private parties. *Sealed Plaintiff*, 537 F.3d at 190. Courts are loathe to grant a motion to proceed anonymously against private parties. *See Townes*, 2020 WL 2395159, at *5; *Rapp*, 537 F. Supp. 3d at 532. Combs and all of the other defendants are private parties. As such, factor five weighs against Plaintiff.

    v.    *Factor 6: Prejudice to Defendants Weighs Against Anonymity.*

The sixth *Sealed Plaintiff* factor is "whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously." *Sealed Plaintiff*, 537 F.3d at 190. Plaintiff's counsel

argues that "Combs cannot claim to be prejudiced" by Plaintiff proceeding anonymously in this litigation because "other than a few words exchanged prior to the assault, Plaintiff was anonymous to Combs before, during and after the sexual assault described in the Complaint," and because, through his own "violent behavior" and "threats," Combs "created the very conditions that now drive Plaintiff's need to proceed anonymously." Pl. Mem. at 5. Plaintiff's counsel further asserts that Defendants need not know Plaintiff's identity to file an answer, to file a motion to dismiss, or to conduct discovery. *See id*. However, counsel represents that, "if required by this Court," he "will confidentially disclose [Plaintiff's] name to counsel for Defendants." Pl. Mem. at 1; *accord* Buzbee Decl. ¶ 3.

Counsel's arguments are wholly meritless. In considering whether defendants would be prejudiced by a plaintiff proceeding under a pseudonym, courts have weighed "difficulties in conducting discovery," the "reputational damage to defendants," and the "fundamental fairness of proceeding anonymously." *Rapp*, 537 F. Supp. 3d at 531 (quoting *Townes*, 2020 WL 2395159, at *5). Defendants likely would be prejudiced in all of these respects.

Plaintiff essentially argues, first, that Combs deserves to be sued anonymously because he allegedly raped and threatened a virtual stranger. *See* Pl. Mem. at 5. However, in this posture, the allegations in Plaintiff's Complaint are merely allegations, and the Court, at this stage, must not to make any assumptions about whether her allegations are true or false. *See Delta Airlines, Inc.*, 310 F.R.D. at 225. Moreover, this first argument ignores that Combs is not the only defendant. Plaintiff is also suing a number of businesses, including Marriott International, Inc.

Furthermore, counsel's assertions that Defendants need not know Plaintiff's identity to file an answer and conduct discovery strain credulity. Plaintiff asserts that Defendants "will still have the right to depose or confer with any and all witnesses." Pl. Mem. at 5. Clearly, Defendants need

9

to know Plaintiff's identity to depose her and to prepare to depose her. If Defendants do not know who their accuser is, they cannot thoroughly investigate her allegations and her background and otherwise prepare a defense to her claim that each defendant is liable. *See Rapp*, 537 F. Supp. 3d at 531. The potential prejudice to Defendants is particularly stark here because Plaintiff is bringing a lawsuit about an incident that allegedly occurred approximately twenty years ago, which may be difficult to defend even with information about Plaintiff's identity. *See CTS Corp. v. Waldburger*, 573 U.S. 1, 8 (2014) (discussing the need to prevent injustice in connection with "revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared").

Plaintiff's counsel "confidentially" disclosing Plaintiff's name to defense counsel would not obviate the potential prejudice to Defendants. Pl. Mem. at 1. "Highly publicized cases can cause unknown witnesses to surface." *Rapp*, 537 F. Supp. 3d at 531. However, if Plaintiff's name is kept from the public, "information about only one side may thus come to light." *Id.* (quoting *Doe v. Del Rio*, 241 F.R.D. 154, 159 (S.D.N.Y. 2006)). In particular, "persons with information about [Plaintiff] or [her] allegations that would be helpful to [the] defense . . . . likely would have no way of knowing" to come forward. *Id.* This "asymmetry" between the parties "not only would prejudice [Defendants], but would hinder 'the judicial interest in accurate fact-finding and fair adjudication.'" *Id.* (quoting *Doe v. Weinstein*, 484 F. Supp. 3d 90, 98 (S.D.N.Y. 2020)).

Indeed, the potential prejudice to Defendants with respect to discovery is inseparable from the potential prejudice to their reputations and fundamental fairness. Plaintiff alleges that Combs engaged in heinous conduct and that the other defendants were complicit. If damaging information about only one side is aired through the litigation, Defendants cannot mitigate the damage to their reputations. *See id.* Thus, courts in this Circuit have long stressed the fundamental unfairness of

allowing a plaintiff to "make her accusations from behind a cloak of anonymity." *Delta Airlines, Inc.*, 310 F.R.D. at 225 (quoting *Shakur*, 164 F.R.D. at 361). This Court agrees and concludes that the potential prejudice to Defendants weighs against Plaintiff.

> vi.   Factor 7: Plaintiff May Have Kept her Identity Confidential, but this Factor Is Not Dispositive.

The seventh *Sealed Plaintiff* factor is "whether the plaintiff's identity has thus far been kept confidential." *Sealed Plaintiff*, 537 F.3d at 190. If confidentiality has not been maintained, courts typically reject a motion to proceed under a pseudonym. *See, e.g.*, *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 407; *Rapp*, 537 F. Supp. 3d at 529. Plaintiff's counsel represents that Plaintiff "has not spoken *publicly* about the incidents" she alleges in the Complaint. Buzbee Decl. ¶ 7 (emphasis added). Counsel's representation leaves open the possibility that Plaintiff has spoken privately to "an unknown number of people" without having ever "received assurances of confidentiality from any of them." *Rapp*, 537 F. Supp. 3d at 529. In any case, even if this factor weighs in Plaintiff's favor, other considerations foreclose anonymity.

> vii.   Factors 8 and 9: The Public Interest Weighs Against Anonymity.

The eighth *Sealed Plaintiff* factor is "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity." *Sealed Plaintiff*, 537 F.3d at 190. The ninth factor is "whether, because of the purely legal nature of the issues presented . . . , there is an atypically weak public interest in knowing the litigants' identities." *Id.* These factors clearly weigh against granting Plaintiff's motion to proceed under a pseudonym.

As a rule, "lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties." *Shakur*, 164 F.R.D. at 361. There is undeniable public interest in the allegations against Combs and the identities of his accusers. This is not a case that involves "abstract challenges to public policies, but rather . . .

11

particular actions and incidents." *N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, 2012 WL 5899331, at *8 (S.D.N.Y. Nov. 26, 2012). Thus, "open proceedings . . . benefit the public as well as the parties." *Id.* Indeed, this is the kind of case that "further the public's interest in enforcing legal and social norms." *Id.*; *see also Skyline Automobiles Inc.*, 375 F. Supp. 3d at 408.

Plaintiff contends that the public interest favors granting her motion to proceed under a pseudonym so that victims of sexual assault will not be deterred from vindicating their rights. Pl. Mem. at 6. However, as noted above, a number of other alleged victims have already sued Combs in their own names in this District. *See supra* at 7. As such, those plaintiffs obviously were not deterred by the long line of previous cases in which courts in this District have rejected motions to proceed under a pseudonym brought by alleged victims of sexual assault who have made the same argument about the public interest and possibility of deterrence. *See Shakur*, 164 F.R.D. at 362; *Weinstein*, 484 F. Supp. 3d at 98; *Rapp*, 537 F. Supp. 3d at 532–33.

Moreover, while there is a public interest in allowing a victim of sexual assault to vindicate her rights, there is a concomitant public interest in allowing "the accused publicly to confront the accuser." *Branca USA, Inc.*, 2022 WL 2713543, at *2. The public interest in protecting the due process rights of the accused are particularly strong where, as here, an adult accuser is availing herself of the opportunity to revive a once-expired claim. If, notwithstanding that a number of other alleged victims have already sued in their own names, other potential plaintiffs are deterred by this decision from filing their own lawsuits, that is "an unfortunate result" of the fundamental, countervailing interests that generally require "plaintiff and others like her [to] seek vindication of their rights publicly." *Shakur*, 164 F.R.D. at 362; *see Pilcher*, 950 F.3d at 45 ("pseudonyms are the exception and not the rule"). The Court concludes that factors eight and nine weigh against anonymity.

> viii. *Factor 10: The Availability of Alternative Mechanisms Weigh Against Anonymity.*

The tenth and final *Sealed Plaintiff* factor is whether any alternative mechanisms short of proceeding under a pseudonym could protect Plaintiff's interest in confidentiality. *Sealed Plaintiff*, 537 F.3d at 190. Plaintiff can seek less drastic remedies than blanket anonymity, such as redactions to protect particularly sensitive information or a protective order. *See, e.g.*, *Doe v. Berg*, 2016 WL 11597923, at *3 (S.D.N.Y. Feb. 10, 2016); *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 408. Thus, factor ten weighs against Plaintiff's motion.

B. The Balance of Interests Weighs Against Anonymity.

The Court concludes that the balance of interests at stake weighs strongly against granting Plaintiff's motion to proceed under a pseudonym. The fundamental question is whether Plaintiff has a "substantial privacy" interest that "outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Sealed Plaintiff*, 537 F.3d at 189. Plaintiff has an interest in keeping her identity private given the sensitive nature of her allegations, the potential for public scrutiny of her personal life, and her decision, thus far, not to speak publicly. But Plaintiff, who is an adult, has now decided to file a lawsuit in which she accuses a famous person of engaging in heinous conduct approximately twenty years ago and, further, accuses a number of businesses of complicity in that alleged conduct. Defendants have a right to defend themselves, including by investigating Plaintiff, and the people have a right to know who is using their courts. *See id.*; *Pilcher*, 950 F.3d at 42. Plaintiff has not carried her burden to show that she is entitled to the exceptional remedy of anonymity.

13

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion to proceed under a pseudonym [ECF No. 13] is DENIED. Plaintiff shall file a complaint in her own name by November 13, 2024, or this case will be dismissed.

**SO ORDERED.**

Date: October 30, 2024
New York, NY

_____
**MARY KAY VYSKOCIL**
**United States District Judge**