**quinn emanuel** trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
(212) 849-7364

WRITER'S EMAIL ADDRESS
alexspiro@quinnemanuel.com

December 9, 2024

**VIA EMAIL AND U.S. MAIL**
TORRES_NYSDCHAMBERS@NYSD.USCOURTS.GOV

**Honorable Analisa Torres**
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:    *Jane Doe v. Shawn Carter et al.*  24-cv-07975-AT

Dear Honorable Judge Torres:

We write on behalf of our client, Shawn Carter, concerning the inflammatory allegations made against him in the recently filed Amended Complaint. Based on the meritless and frivolous accusations, Mr. Carter filed a Motion To Deny Plaintiff's Request To Proceed Anonymously Pursuant To Fed. R. Civ. P. 10(A) or To Dismiss The Complaint Pursuant To Fed. R. Civ. P. 12(B)(1) this morning.  Due to the highly sensitive nature of this matter and the intense media scrutiny it has generated, we respectfully request to be heard on an expedited basis.

For the avoidance of doubt, Mr. Carter is entirely innocent.  This is a shakedown.  He is not mentioned, referenced, or implicated in any way in the criminal investigation of Mr. Combs. He is neither a target nor a person of interest in that investigation.

Adding to the urgency of this matter, attorney Tony Buzbee has orchestrated a months-long press campaign aimed at inflaming public opinion and escalating the events in real time on social media platforms.  Every day and in real-time, Buzbee continues to amplify false narratives, exploiting the legal process to generate media attention and damage Mr. Carter's reputation. This relentless campaign underscores the need for a fast-track hearing to address these issues promptly and prevent further harm.

Plaintiff's request to proceed anonymously is both procedurally improper and unsupported by law. Federal Rule of Civil Procedure 10(a) requires all parties to be named in their pleadings, reflecting the bedrock principle of transparency in judicial proceedings. Plaintiff has failed to demonstrate any compelling circumstances that would justify an extraordinary departure from this rule. The

quinn emanuel urquhart & sullivan, llp
ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

speculative and unsubstantiated claims of harm presented by Plaintiff's counsel do not meet the stringent standards required by the Second Circuit and other federal courts to allow pseudonymity.

Furthermore, Plaintiff's allegations, coupled with the conduct of her counsel, Anthony Buzbee suggests a deliberate attempt to leverage the judicial process to generate unwarranted media attention and pressure Mr. Carter into a settlement. This misuse of the legal system undermines both its integrity and Mr. Carter's ability to defend himself effectively. It is critical that Plaintiff's identity be disclosed so that Mr. Carter can investigate and respond to the claims fully and fairly.

We further note that the timing of this filing coincides with ongoing media coverage of unrelated matters involving Mr. Combs's criminal trial in which Mr. Buzbee does not represent victims, underscoring the prejudicial and retaliatory nature of Plaintiff's claims.  The Amended Complaint appears designed not to seek justice, but rather to amplify unsubstantiated allegations and harm Mr. Carter's reputation by Anthony Buzbee. Allowing Plaintiff to proceed anonymously would deny Mr. Carter the fundamental right to confront his accuser, while simultaneously enabling Plaintiff and her counsel to conduct a trial by media.

Given these circumstances, we respectfully urge the Court to deny Plaintiff's request to proceed anonymously and dismiss the Complaint pursuant to Rule 12(b)(1). This matter is of the utmost importance, and we request an expedited hearing to address these significant procedural and substantive issues.  *See Laster v. District of Columbia*, 439 F. Supp. 2d 93, 100 (D.D.C. 2006) (expediting briefing schedule due to "high risk of irreparable injury" and "time sensitive" nature).

We are available at the Court's earliest convenience to provide additional briefing or to appear for a hearing on this matter.

Respectfully,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Alex Spiro

CC: Antigone Curis