**quinn emanuel** trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7364**

WRITER'S EMAIL ADDRESS
**alexspiro@quinnemanuel.com**

December 13, 2024

**VIA ECF AND EMAIL**
**TORRES_NYSDCHAMBERS@NYSD.USCOURTS.GOV**

**Honorable Analisa Torres**
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Jane Doe v. Sean Combs et al.*, 24-cv-07975-AT

Dear Honorable Judge Torres:

We write to the Court on behalf of our client Shawn Carter on a matter of extraordinary and grave importance for the integrity of the proceedings in the above-captioned case.

Today at 7:27 PM EST, NBC News reported on an interview that its reporters conducted with the anonymous plaintiff in this case.[1] The interview outs plaintiff's allegations for what they are: a sham.

Basic facts in her narrative – the who, what, when, and where – are wrong. She claims her father picked her up after the assault, her own father denies that ever happened. She claims she spoke with Benji Madden at the party that night, but he was on tour in the Midwest at the time, forcing her to admit "I have made some mistakes. I may have made a mistake in identifying." She claims the assault took place at an afterparty at Mr. Combs' home but photos that night show Mr. Combs and Mr. Carter at Lotus nightclub for the afterparty. When pressed, the Plaintiff admitted she was "guessing" about key details, including the time it took to reach the venue. She admits she has no single corroborating witness over the last 24 years.

These stunning revelations make clear that the complaint filed by plaintiffs' attorney, Anthony Buzbee, therefore had no factual basis whatsoever. Even Mr. Buzbee is walking back the complaint he put his name to – excusing these glaring inconsistencies by pointing the finger at the

---

[1]   *Jay-Z rape accuser comes forward to NBC News, acknowledges inconsistencies in her allegations*, NBC New (December 13, 2024), https://www.nbcnews.com/news/us-news/jay-z-rape-accuser-comes-forward-nbc-news-acknowledges-inconsistencies-rcna183435.

**quinn emanuel urquhart & sullivan, llp**
ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

case being referred by another firm who allegedly vetted the story before sending to them. The heinous allegations against Mr. Carter are patently false.

The complaint filed by plaintiffs' attorney, Anthony Buzbee, therefore had no factual basis whatsoever. The heinous allegations against Mr. Carter are patently false.

In light of those developments, it is now clear that Mr. Buzbee signed the complaints and other filings in this case in violation of Federal Rule of Civil Procedure 11. Under that rule, an attorney who signs a document assumes "an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing." *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991). The attorney's signature "denotes merit" in the filing and "sends a message to the district court that this document is to be taken seriously." *Id.* at 546; *New Alliance Party v. F.B.I.*, 858 F. Supp. 425, 429 (S.D.N.Y. 1994) ("[P]laintiffs may not file a complaint in this court without having made a reasonable investigation of the facts.").

In addition, attorneys who learn after filing a complaint that the factual assertions are false must immediately withdraw the claims. *See City of Yonkers v. Otis Elevator Co.*, 844 F.2d 42, 49 (2d Cir. 1988); *see also, e.g.*, ABA Model Rules of Professional Conduct, Rule 3.1 ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous…."); *(RC) 2 Pharma Connect, LLC v. Mission Pharmacal Co.*, 2022 WL 4234552, at *3 (S.D.N.Y. Sept. 14, 2022) (imposing Rule 11 sanctions for amended complaint that repeated allegation that lacked evidentiary support).

Given today's revelations, Mr. Buzbee almost certainly failed to undertake a reasonable inquiry into the facts before filing the complaint. He should never have brought the claims. *See Fox v. Boucher*, 794 F.2d 34, 38 (2d Cir. 1986) (affirming sanctions order where "[p]laintiff's complaint was entirely frivolous, and . . . was made as part of a conscious effort to harass" the defendant). At minimum, he should withdraw them now. Allowing these claims to remain pending even a moment longer not only harms Mr. Carter, his family, his businesses, his employees, and his legacy—it also impairs the integrity of the judicial system, thwarts the pursuit of justice, and silences the voices of true victims.

Furthermore, it appears that Mr. Buzbee has attempted to circumvent the authority of this Court to enforce Rule 11 and associated obligations by declining to seek admission to this Court before signing pleadings and other documents. Mr. Buzbee is not licensed to practice law in this Court, and he has not sought (let alone obtained) admission *pro hac vice*. Yet in the nearly eight weeks since he initiated this proceeding, Mr. Buzbee has filed a complaint in this matter that was signed solely by him using an "/s" signature; signed the amended complaint (alongside other counsel) that added Mr. Carter as a defendant; and noticed a motion for the plaintiff to proceed anonymously accompanied by a supporting brief and a declaration, once again signed only by him. Most recently, on December 10, 2024, Mr. Buzbee filed a letter, which he also signed alone.

Mr. Buzbee's failure to obtain admission to the bar of this Court is a transparent attempt to circumvent the basic requirements of Rule 11 and the rules of professional conduct. Admission subjects an attorney to the jurisdiction of the Court and to sanctions for signing pleadings that are not grounded in the facts and the law.[1] Mr. Buzbee thus appears to have strategically declined to seek admission in order to avoid sanctions for a complaint that he knew had no factual basis.

---

[1] *See, e.g.*, *Man Wei Shiu v. New Peking Taste Inc.*, 11-CV-1175 (NGG) (RLM), at *8-9 (E.D.N.Y. May 24, 2013) (declining to refer attorney to the Disciplinary Committee of the District

2

Given these facts, Mr. Carter intends to file immediately a motion to strike the first amended complaint under Rules 11(c)(2) and 12(f). He respectfully requests that the Court shorten the filing deadline for that motion from 21 days to 1 day from the date of service in light of today's stunning public disclosures and the severe ongoing harm to Mr. Carter's reputation. *See* Fed. R. Civ. P. 11(c)(2); R. III(A), Judge Torres Individual Practices in Civil Cases.

Respectfully Submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Alex Spiro

CC: Antigone Curis

---

for her "inflammatory" and "extremely disturbing" conduct because "she is not admitted in this district and she has not entered an appearance in this case"); *see also Erbacci, Cerone, & Moriarty, Ltd. v. United States*, 923 F. Supp. 482, 485 (S.D.N.Y. 1996) ("[B]ecause plaintiffs' counsel has not been admitted to practice before this Court [SDNY], the instant motion is not properly before this Court, and therefore, should be denied.").