# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ADAM GUIDRY, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Civ. Action No.: 2:24-cv-02873 |
| | § | |
| ANTHONY G. BUZBEE and | § | JURY TRIAL DEMANDED |
| ANTHONY G. BUZBEE LP | § | |
| (d/b/a THE BUZBEE LAW FIRM) and, | § | |
| JOHN DOES 1-10 | § | |
| *Defendants* | § | |

## COMPLAINT

Plaintiff Adam Guidry, by and through undersigned counsel, files this Complaint against Defendants Anthony G. Buzbee ("Tony Buzbee"), Anthony G. Buzbee LP (d/b/a The Buzbee Law Firm) ("The Buzbee Law Firm") (collectively, "Buzbee" or "Buzbee Defendants") and JOHN DOES 1-10.

### INTRODUCTION

1.      Tony Buzbee and The Buzbee Law Firm represented Adam Guidry, a U.S. Coast Guard-licensed ship captain who was severely injured on the job. The Buzbee Defendants told Guidry his case was worth $1 million, but later coerced him into settling for less than one-third of that amount. In insisting that he settle, Buzbee Defendants never explained Guidry's options, never discussed the pros and cons of trial versus settlement, never disclosed mounting expenses, and never disclosed the meager amount Guidry would receive at distribution. Instead, Buzbee Defendants told Guidry he had no choice. Guidry was vulnerable. He had lost his job as a result of his injury, he was financially destitute, his marriage had failed, and he was struggling with addiction. Relying on his lawyers, Guidry accepted.

2.      When the settlement funds were disbursed, Guidry was stunned to receive only $5,123.19. The Buzbee Defendants had taken 98% of Guidry's final disbursement and 74% of his

overall settlement. The Buzbee Law Firm deducted $53,000.00 in fees and $266,876.81[1] in "expenses" including: $90,920.33 for expert witness fees; $5,935.01 for postage and copies; $9,763.20 for more copies; $9,493.05 for attorney travel expenses; and, adding insult to injury, $150.00 for "closing" fees. Moreover, the Buzbee Defendants deducted $25,723.42 in fees and expenses for a referring attorney who, despite promptly handing-off Guidry, claimed he accumulated $4,523.42 in expenses.

3.      Worst of all, perhaps, the Buzbee Defendants charged Guidry $23,571.51 in "interest" on $85,450.00 in "loans." The Rules of Professional Conduct[2] require fairness and transparency in any financial transaction with a client. Even then, the amount of interest a lawyer can charge a client is limited. The Buzbee Defendants kept Guidry in the dark as his loans grew by 27%. This exploitative practice not only violated ethical standards, but also compounded Guidry's financial hardship and vulnerability.

4.      The Buzbee Defendants breached their legal and ethical duties to Guidry. Along with John Does 1-10, the Buzbee Defendants unjustly enriched themselves at Guidry's expense. Such conduct would be unethical in a standard business transaction. It is unconscionable in an attorney-client relationship.

## PARTIES

5.      Plaintiff ADAM GUIDRY is a citizen of the State of Louisiana who resides in Lafourche Parish, Louisiana.

6.      Defendant ANTHONY G. BUZBEE is a citizen of Texas who, on information and belief, resides in Harris County, Texas.

---

[1] $85,450.00 of this amount was for "loans" to Guidry and $13,635.00 was to satisfy a third-party loan Guidry had taken out for living expenses.

[2] This is true under the American Bar Association's Model Rules of Professional Conduct, the Texas Disciplinary Rules of Professional Conduct, and the Louisiana Rules of Professional Conduct.

7.      Defendant ANTHONY G. BUZBEE L.P. (d/b/a The Buzbee Law Firm) is a law firm that is organized under the laws of State of Texas and that operates its principal place of business from Harris County, Texas. Upon information and belief, no members or employees of The Buzbee Law Firm's limited partnership reside in the State of Louisiana.

8.      JOHN DOES 1-10 are individuals or entities whose identities are currently unknown, but who participated in, contributed to, or benefited from the wrongful actions described herein. These parties may include, but are not limited to, employees, agents, or affiliates of Tony Buzbee, The Buzbee Law Firm, or other individuals or entities involved in handling Guidry's case and settlement. Upon information and belief, JOHN DOES 1-10 are not residents of the State of Louisiana. They will be added as their identity and respective roles in the wrongful conduct described herein becomes known through discovery.

## JURISDICTION & VENUE

9.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332. Guidry is a citizen of Louisiana, Buzbee Defendants are citizens of Texas, and the amount in controversy exceeds $75,000 exclusive of costs and interest.

10.     Defendants have sufficient "minimum contacts" with the State of Louisiana including:  (i) Defendants contacted Guidry in the State of Louisiana for the purpose of soliciting him as their client; (ii) Defendants mailed and emailed their contract for employment of attorney to Guidry in Louisiana; (iii) Defendants insisted that Guidry sign documents in Louisiana using a notary public authorized by the State of Louisiana; and (iv) Defendants committed acts of commission and omission in the State of Louisiana including by breaching duties owed to Guidry while unjustly enriching themselves.

11.     Venue in this District is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District.

3

**FACTS**

12.    Tony Buzbee is a relentless self-promoter. The Buzbee Defendants rely on Tony Buzbee's quasi-celebrity status to lure Louisiana residents, such as Guidry, to The Buzbee Law Firm. Tony Buzbee draws attention to himself and his Firm by representing and suing celebrities, by broadcasting his wealth on social media, and, recently, by parking a WWII tank in front of his home in an affluent Houston neighborhood.

13.    In 2020, Guidry was referred to the Buzbee Law Firm. Guidry had been severely injured while working aboard the General Eisenhower.

14.    In February 2020, The Buzbee Law Firm filed suit against Callan Marine, Ltd. ("Callan Marine"), the owner of the General Eisenhower.[3]

15.    Despite initially valuing Guidry's claim at $1 million, the Buzbee Defendants coerced Guidry into settling his case for less than one-third of that amount. In doing so, the Buzbee Defendants failed to inform Guidry of his options including the implications of settlement versus trial. The Buzbee Defendants concealed critical information from Guidry about skyrocketing expenses and the paltry amount Guidry would receive upon settlement. Relying on his lawyers, Guidry settled for $325,000.00. When these funds were distributed, Guidry received $5,123.19. The Buzbee Defendants kept Guidry uninformed and exploited his vulnerability to unjustly enriched themselves.

16.    Based on information and belief, Buzbee Defendants have a pattern of using these predatory practices against their clients.

17.    Buzbee represented Guadalupe Garza, who was injured while working on a vessel owned by Callan Marine. Buzbee sued Callan Marine in Nueces County, Texas. Under federal

---

[3] *See Adam Paul Guidry v. Callan Marine Ltd.*, 2020-13178, 270th Dist. Court of Harris County, Tex. (Feb. 27, 2020) (the "Texas Lawsuit").

law, Garza was entitled to receive maintenance and cure payments. According to court filings, Callan Marine was instructed to make maintenance and cure payments for Garza to The Buzbee Law Firm, but Garza never received the payments. *See Garza v. Callan Marine, Ltd.*, 2020CCV-61002-3, Nueces County, Tex. Callan Marine subpoenaed records from the Buzbee Law Firm to find out where the payments went. Rather than providing records in defense of their actions, the Buzbee Defendants opposed the subpoena.

18.     At a hearing in the *Garza* case, Callan Marine's counsel stated that: (a) other Buzbee clients have reported not receiving maintenance and cure paid to The Buzbee Law Firm; (b) according to records, Buzbee Defendants deposited maintenance and cure payments into its operating account rather than its trust account; and (c) The Buzbee Law Firm apparently repackages maintenance and cure payments intended to provide living expenses for injured workers into loans which must be repaid with interest.

19.     A similar case illustrates a pattern. In *Thompson v. Buzbee*, the Buzbee Law Firm allegedly misappropriated maintenance and cure payments owed to Matthew Ray Thompson Jr., a deckhand injured when his vessel collided with another. Like Guidry, Thompson alleges he was kept in the dark as the Buzbee Law Firm ran up expenses including high interest "loans" to Thompson. *See Thompson v. Buzbee*, Civ. Action No. 2:24-cv-02827, E.D. La. Dec. 9, 2024.

20.     In another case, Callen Marine moved to designate Buzbee, The Buzbee Law Firm, and Chris Leavitt (an attorney at The Buzbee Law Firm) as responsible third-parties for maintenance and cure that Callen Marine paid but its client, Laquille Tyner, never received. *See Tyner v. Callan Marine, Ltd.*, 2020CCV-61393-2, Nueces County, Tex. In its motion, Callan Marine stated:

> In connection with these contested allegations, but in compliance with its obligations under the [Jones] Act, Defendant, Callan paid maintenance and cure payments to the Anthony G. Buzbee, LP (the "Buzbee Firm"). These funds, which even included some of Mr. Tyner's unearned advances, were

paid to the Buzbee Firm because that was following their demand. Callan was unaware that they were not getting the credit that was due or that these payments were being converted by the Buzbee firm to appear as tokens of their own generosity. It is clear that Mr. Tyner alleges in his pleading that he did not receive all funds he thought were due from Callan and that he was harmed by the conduct. What Mr. Tyner did not know was that it was his own lawyers that were intercepting the funds and that his own attorney failed to place them in an IOLTA account. Even worse, these same attorneys have attempted to conceal their own shameful conduct and transform it into a larger damage award for their client. It was the conduct of the Responsible Third Parties that created the lawyer induced disappointment of Mr. Tyner in his employer Callan. It was these same lawyers, and this law firm, who failed to protect said funds in an IOLTA account or distribute them properly to Mr. Tyner.

21.     In *Haywood v. Univ. of Pittsburgh*, a federal court invalidated Buzbee's referral agreement as "invalid as a matter of public policy." No. 11-1200, 2012 U.S. Dist. LEXIS 179045, at *2.

22.     In *In re Lowe's Home Ctrs., LLC*, Buzbee was found to be filing "venue pleadings and [his client's] affidavit" was "at best, incorrect, and at worst, fraudulent." 531 S.W.3d 861 (Tex. App. 2017). To avoid consequences, Buzbee unilaterally nonsuited the case and refiled it elsewhere.

23.     Tony Buzbee's misconduct apparently is not limited to client finances. According to a news report less than a month ago, Tony Buzbee flew into a fit of rage and physically assaulted a client that he was representing in a divorce. The client alleges that after Buzbee assaulted her in public, his focus became concealing the assault rather than protecting her interests in the divorce action.[4]

---

[4]   *Attorney Repping Alleged Victims Sued for Assault*, Nov. 21, 2024, https://www.tmz.com/2024/11/21/diddy-attorney-tony-buzbee-sued-accused-of-assault/   ("[S]he is alleging she was in a public place when Buzbee saw her, flew into a 'fit of rage' and allegedly pushed a champagne flute into her face, chipping her tooth. She says she has both medical and dental records to prove her injuries. . . . The woman's lawyer, Jeremy Bohrer, tells TMZ, 'Tony Buzbee is a hypocrite. There is nothing worse than when a black hat masquerades as a white hat.'").

## CAUSES OF ACTION

### COUNT I: BREACH OF FIDUCIARY DUTIES

24.     Guidry incorporates the preceding paragraphs by reference, as if restated fully herein.

25.     Guidry had an attorney-client relationship with Buzbee Defendants. As his attorneys, Buzbee Defendants owed Guidry duties of loyalty and care including to act in his best interests, to keep him informed, to advise him concerning options, to safeguard his funds, to put his interests above their own, and to provide competent representation.

26.     Buzbee Defendants breached these duties to Guidry including by failing to keep him informed regarding his litigation; failing to advise him concerning his options; misleading him concerning the value of his claim; failing to manage expenses reasonably in relation to the value of his claim; charging him excessive interest on advances; and claiming a grossly excessive portion of Guidry's settlement for themselves.

27.     Buzbee Defendants' acts, omissions, and breaches have damaged Guidry in an amount that will be proven at trial.

### COUNT II: UNJUST ENRICHMENT

28.     Guidry incorporates the preceding paragraphs by reference, as if restated fully herein.

29.     Buzbee Defendants, along with John Does 1-10, intentionally and/or negligently exploited their position of trust and authority as Guidry's attorneys to unjustly enrich themselves at Guidry's expense. Without limitation, the Buzbee Defendants failed to keep Guidry informed during the representation, failed to advise him of his options, and failed to disclose to him the ramifications of settlement versus trial. The Buzbee Defendants denied Guidry opportunities to approve or reject costly experts; inflated and concealed expenses that were not reasonable given

7

the value of Guidry's settlement; and failed to reasonably manage, protect, and preserve Guidry's funds. Additionally, the Buzbee Defendants overcharged Guidry by running up expenses and charging excessive interest on loans.

30.     John Does 1-10 are individuals or entities whose identities are currently unknown but who participated in, contributed to, or benefited from the wrongful actions described herein, including the acts and omissions that led to the unjust enrichment of themselves and the Buzbee Defendants.

31.     A claim for unjust enrichment requires proof of five elements: (1) an enrichment of the defendant; (2) an impoverishment of the plaintiff; (3) a causal connection between the enrichment and the impoverishment; (4) an absence of justification or cause for either the enrichment or the impoverishment; and (5) the lack of any other remedy at law. *See Moroux v. Toce*, 06-831 (La. App. 3 Cir. 11/02/06), 943 So. 2d 1263, 1273. The Buzbee Defendants and John Does 1-10 were enriched by appropriating Guidry's settlement funds, inflating and concealing expenses, and imposing excessive interest and fees on loans for living expenses. Guidry was correspondingly impoverished by these actions, as these funds, intended to support his recovery, were unjustly diverted for the benefit of the Buzbee Defendants.

32.     There is no justification or cause for attorneys using concealment and deceit to enrich themselves while impoverishing their client. Guidry lacks an adequate remedy at law because, among other things, the Buzbee Defendants violated fiduciary duties that do not exist in traditional contract claims.

33.      As a direct result of their intentional and/or negligent acts and omissions, Buzbee Defendants and John Does 1-10 wrongfully obtained financial benefits to which they were not entitled. Their unjust enrichment was at the expense and impoverishment of Guidry.

8

34.     Guidry seeks restitution and an award of damages in an amount, to be proven at trial, sufficient to disgorge improper financial benefits obtained by the Buzbee Defendants and John Does 1-10 and to compensate Guidry for his losses.

## COUNT III: NEGLIGENCE

35.     Guidry incorporates the preceding paragraphs by reference, as if restated fully herein.

36.     Buzbee Defendants and John Does 1-10 negligently failed to exercise reasonable care and skill of competent attorneys while representing Guidry. Without limitation, the Buzbee Defendants failed to manage Guidry's case and its expenses; failed to keep Guidry informed about material aspects of his case; failed to include Guidry in decisions concerning expenditures on experts; failed to advise Guidry of his options concerning settlement versus trial; and failed to disclose to Guidry the impact excessive expenses would have on his recovery.

37.     Buzbee Defendants and John Does 1-10 further failed to reasonably manage, safeguard, and protect Guidry's interest in future settlement proceeds by inflating and/or failing to control expenses in a reasonable manner in relation to the value of Guidry's case.

38.     As a direct and proximate result of the negligent acts and omissions of Buzbee Defendants and John Does 1-10, Guidry suffered financial harm and other damages to be proven at trial.

39.     Guidry seeks an award that will fully compensate him for the harm caused by the negligent acts and omissions of Buzbee Defendants and John Does 1-10.

## REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Adam Guidry prays for judgment against Defendants Anthony G. Buzbee, Anthony G. Buzbee L.P. (d/b/a The Buzbee Law Firm), and JOHN DOES 1-10 in the form of a judgment against Defendants on all counts and an award

9

in excess of $250,000 including disgorgement of unjustly obtained benefits, actual damages,

statutory damages, punitive damages, reasonable and necessary attorney and expert fees, court

costs, and all other relief the Court may deem appropriate.

        Dated: December 13, 2024.

                        Respectfully submitted,

                        ADAM GUIDRY

                        By: *Timothy W. Porter*
                            Tim Porter, La. Bar No. 24863

Kelley Berry (Lead Counsel)
(Pro Hac Pending)
BERRY & MUNN, P.A.
P.O. Drawer 768
201 Downing Street
Hazlehurst, MS 39083
(601) 894-4150
kberry@berrymunnpa.com

Tim Porter, La. Bar No. 24863
PORTER & MALOUF, P.A.
825 Ridgewood Road
Ridgeland, MS 39157
(601) 957-1173
tim@portermalouf.com

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ADAM GUIDRY | ANTHONY G. BUZBEE; ANTHONY G. BUZBEE, LP (d/b/a The Buzbee Law Firm) |

| (b) County of Residence of First Listed Plaintiff    LaFourche Parish, La. | County of Residence of First Listed Defendant _____ |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Timothy W. Porter, Porter & Malouf, P.A., 825 Ridgewood Rd, Ridgeland, MS 39157, (601) 957-1173 | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane   [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product    Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument |    Liability   [ ] 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel &    Pharmaceutical    Slander      Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers'    Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) |    Liability   [ ] 368 Asbestos Personal [ ] 340 Marine      Injury Product [ ] 345 Marine Product     Liability | | [ ] 835 Patent – Abbreviated New Drug Application [ ] 840 Trademark | [ ] 460 Deportation [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits |    Liability    **PERSONAL PROPERTY** [ ] 350 Motor Vehicle   [x] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle   [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract |    Product Liability   [ ] 380 Other Personal | [ ] 720 Labor/Management | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal      Property Damage    Injury     [ ] 385 Property Damage |    Relations | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | [ ] 362 Personal Injury -      Product Liability    Medical Malpractice | [ ] 740 Railway Labor Act [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) [ ] 863 DIWC/DIWW (405(g)) [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation [ ] 791 Employee Retirement | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters [ ] 895 Freedom of Information |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights    **Habeas Corpus:** |    Income Security Act | **FEDERAL TAX SUITS** |    Act |
| [ ] 220 Foreclosure | [ ] 441 Voting     [ ] 463 Alien Detainee | | [ ] 870 Taxes (U.S. Plaintiff | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment   [ ] 510 Motions to Vacate | |    or Defendant) | [ ] 899 Administrative Procedure |
| [ ] 240 Torts to Land | [ ] 443 Housing/      Sentence    Accommodations [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 |    Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - [ ] 535 Death Penalty | | | [ ] 950 Constitutionality of |
| [ ] 290 All Other Real Property |    Employment    **Other:** | **IMMIGRATION** | |    State Statutes |
| | [ ] 446 Amer. w/Disabilities - [ ] 540 Mandamus & Other    Other     [ ] 550 Civil Rights | [ ] 462 Naturalization Application [ ] 465 Other Immigration | | |
| | [ ] 448 Education     [ ] 555 Prison Condition [ ] 560 Civil Detainee -      Conditions of      Confinement |    Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332 Diversity of Citizenship

Brief description of cause:
Breach of Fiduciary Duty, unjust enrichment, negligence in connection with legal representation

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $   over $100,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 12/13/2024 | /s/ Timothy W. Porter, La Bar No. 24863 |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)   Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)   County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)   Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.   Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.   Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.   Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.   Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.   Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana ⏷

| | |
|---|---|
| ADAM GUIDRY | ) <br> ) <br> ) <br> ) <br> ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. 2:24-CV-02873 |
| ANTHONY G. BUZBEE, ANTHONY G. BUZBEE, LP (d/b/a THE BUZBEE LAW FIRM) and JOHN DOES 1-10 | ) <br> ) <br> ) <br> ) |
| *Defendant(s)* | ) <br> ) <br> ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

           Anthony G. Buzbee
           600 Travis Street, Suite 7500
           Houston, Texas  77002-2906

      A lawsuit has been filed against you.

      Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Timothy W. Porter
           825 Ridgewood Road
           Ridgeland, MS  39157

      If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                          *CLERK OF COURT*

Date: _____              _____

                                      *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 2:24-CV-02873

**PROOF OF SERVICE**
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Louisiana ▼

| | |
|---|---|
| ADAM GUIDRY | ) |
| | ) |
| | ) |
| | ) |
| _____Plaintiff(s)_____ | ) |
| | ) |
| v. | ) |
| ANTHONY G. BUZBEE, ANTHONY G. BUZBEE, LP | ) |
| (d/b/a THE BUZBEE LAW FIRM) and | ) |
| JOHN DOES 1-10 | ) |
| | ) |
| | ) |
| _____Defendant(s)_____ | ) |

Civil Action No. 2:24-CV-02873

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Anthony G. Buzbee, LP
c/o Peter Taaffe, Registered Agent
600 Travis Street, Suite 7300
Houston, Texas  77002 USA

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Timothy W. Porter
825 Ridgewood Road
Ridgeland, MS  39157

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                                                     *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 2:24-CV-02873

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: