# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MATTHEW RAY THOMPSON, JR., § <br> *Plaintiff* § <br> § <br> v. § <br> § <br> ANTHONY G. BUZBEE and § <br> ANTHONY G. BUZBEE LP § <br> (d/b/a THE BUZBEE LAW FIRM), § <br> *Defendants* § | Civ. Action No.: |

## COMPLAINT

Plaintiff Matthew Ray Thompson, Jr., by and through undersigned counsel, files this Complaint against Defendants Anthony G. Buzbee ("Tony Buzbee") and Anthony G. Buzbee LP (d/b/a The Buzbee Law Firm) ("The Buzbee Firm" or "Firm").

### I. INTRODUCTION

1. Tony Buzbee is a bombastic attorney in Houston, Texas, who is fond of saying "sunlight is the best disinfectant." Notwithstanding his professed love for transparency, Mr. Buzbee and The Busby Law Firm used their attorney-client relationship with Plaintiff Matthew Ray Thompson Jr. to take over 60% of Mr. Thompson's Jones Act settlement; to enrich themselves at Mr. Thompson's expense by fraudulently overstating case expenses; and to further enrich themselves by converting to their own use maintenance-and-cure funds intended to provide living and medical expenses for Mr. Thompson and his family while he was injured. Defendants received these funds on behalf of Mr. Thompson and then, based on information and belief, loaned the funds back to Mr. Thompson at high interest rates through Venmo transactions a family members. At the conclusion of his case, Defendants presented Mr. Thompson with a settlement statement that should have disclosed in detail all the fees and expenses Mr. Thompson was being charged. Instead, The Buzbee Law Firm's settlement statement does little to disclose where more than 63%

of Mr. Thompson's recovery went. To obfuscate, the statement uses vague descriptions, scant detail and no documentation. For example, Defendants required Mr. Thompson to travel from Louisiana to Texas repeatedly to see Defendants' hand-picked doctors. As a result, Mr. Thompson incurred thousands in unnecessary travel and medical expenses which show up on the settlement statement in various vague descriptions of travel, loans, and other expenses. Mr. Thompson brings this action to recover the funds fraudulently withheld from him and converted by Defendants for their own use and enrichment.

## II. PARTIES

2. Plaintiff MATTHEW RAY THOMPSON, JR. is citizen of the State of Louisiana who resides in Jefferson Parish, Louisiana.

3. Defendant ANTHONY G. BUZBEE is a citizen of Texas who, on information and belief, resides in Harris County, Texas.

4. Defendant ANTHONY G. BUZBEE L.P. (d/b/a The Buzbee Law Firm) is a law firm that is organized under the laws of State of Texas and that operates its principal place of business from Harris County, Texas. No members of The Buzbee Law Firm's limited partnership reside in the State of Louisiana.

## III. JURISDICTION & VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of Louisiana, Defendants are citizens of Texas, and the amount in controversy exceeds $75,000 exclusive of costs and interest. Defendants have sufficient "minimum contacts" with the State of Louisiana including: (i) Defendants first contacted Mr. Thompson in the State of Louisiana for the purpose of soliciting him as their client; (ii) Defendants mailed and emailed a contract for employment of attorney to Mr. Thompson in Louisiana; (iii) Defendants insisted that Mr. Thompson use a notary of the State of Louisiana to sign documents sent to him in the State of

2

Louisiana; (iv) Defendants intercepted and converted maintenance and cure payments intended for Mr. Thompson in Louisiana; and (v) Defendants used Venmo to make a dozen or so individual loans to Mr. Thompson and his family in the State of Louisiana.

6. Venue in this District is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District.

### IV. FACTS

**A. Buzbee uses his notoriety to lure vulnerable clients to The Buzbee Firm**

7. Defendants rely on Buzbee's quasi-celebrity status to lure Louisiana residents, such as Mr. Thompson, to The Buzbee Firm. Buzbee's fame, however, is reflected, at best. Buzbee and his Firm have become famous by making salacious accusations against prominent members of society. Buzbee has become rich by milking settlements with threats of negative attention from people who rely on their public reputations for livelihood. Mr. Thompson, who has worked as a deckhand much of his adult life, was impressed by Mr. Buzbee's public persona, so he hired him as his lawyer.

**B. Buzbee brought none of his glitz and bravado to Mr. Thompson's case**

8. In July 2023, Mr. Thompson was a deckhand on a vessel that struck a barge in the Houston Ship Channel. Mr. Thompson suffered head, neck, and back injuries.

9. In November 2023, The Buzbee Law Firm filed a lawsuit on Mr. Thompson's behalf against Strategic Towing Services, LLC ("Strategic Towing"), owner of the vessel that Mr. Thompson was on when he was injured.[1] As a "Jones Act Seaman," Mr. Thompson was entitled to receive monthly maintenance-and-cure payments while his lawsuit was pending regardless of the merits of his claim or outcome of the suit. Based on information and belief, The Buzbee Firm

---

[1] *See Thompson v. Strategic Towing Servs., LLC, et al.*, 2023-79012, 164th Dist. Court of Harris County, Tex. (Nov. 13, 2023) (the "Texas Lawsuit").

3

directed Strategic Towing to make Mr. Thompson's maintenance and cure checks payable to The Buzbee Firm and/or deposited Mr. Thompson's checks in its operating account rather than its IOLTA trust account. Undoubtedly, Mr. Thompson and his family did not receive the maintenance and cure funds to which Mr. Thompson was entitled.

**C.     Defendants loaned Mr. Thompson his own money in the form of high interest loans**

10.     In addition to misappropriating Mr. Thompson's maintenance and cure funds that were intended to provide living expenses for he and his Family, Defendants used Mr. Thompson's benefits for their own gain. Specifically, rather than giving Mr. Thompson these funds, Defendants used Venmo to parse these funds out to Mr. Thompson and his wife in small amounts as high interest loans.  Specifically, December 10, 2023 "for traveling," January 23, 2024 "travel for Matthew," January 19, 2024 "relocation loan," August 15, 2024 "travel loan," and September 16, 2024 "travel loan." Defendants recovered these "loans" from Mr. Thompson, which was his money to begin with, plus interest. On information and belief, Defendants had a pattern of doing the same thing with other clients.

11.     Based on information and belief, Defendants used Venmo to disburse "loans" to clients to sidestep the Rules of Professional Conduct and to conceal the fraudulent nature of these transactions. Defendants used vague or fraudulent descriptions of expenses in their settlement statements to conceal their inflated nature. With Mr. Thompson, Defendants took more than 63% of Mr. Thompson's recovery. Defendants demanded that Mr. Thompson travel from Louisiana to Texas multiple times to see doctors hand-picked by Defendants. In doing so, Defendants inflated expenses, which then were concealed in a settlement statement with scant, if any, description of the medical care Mr. Thompson received in Texas. Based on information and belief, Defendants have employed the same or similar tactics in other cases involving injured seamen.

**D.  Buzbee and his Firm have preyed on other injured seamen including by misappropriating their maintenance and cure payments**

12. Buzbee's client Guadalupe Garza was injured while working on a vessel owned by Callan Marine, Ltd. ("Callan Marine"). Buzbee sued Callan Marine in Nueces County, Texas. Under federal law, Mr. Garza was entitled to receive maintenance and cure payments during the pendency of his case. However, Callan Marine, like Strategic Towing, was instructed to make payments to The Buzbee Law Firm. Mr. Garza, Buzbee's client, claims he never received his payments. *See Garza v. Callan Marine, Ltd.*, 2020CCV-61002-3, Nueces County, Tex.

13. Buzbee, rather than leaping at the first opportunity to prove Garza's allegations wrong, opposed subpoenas issued by Callan Marine seeking records to show what happened to Mr. Garza's maintenance-and-cure payments. At a hearing, Callan Marine's counsel stated: (a) in addition to Mr. Garza, other Buzbee clients have not received Callen Marine's maintenance-and-cure payments; (b) according to records, Buzbee and his Firm deposited maintenance-and-cure payments into the Firm's business account rather than its trust account; and (c) The Buzbee Law Firm often lends money to its clients, apparently repackaging the client's own maintenance-and-cure funds into a loan that must be repaid with interest.

14. In another case in Nueces County, Texas, in 2023, Callan Marine moved to designate Buzbee, The Buzbee Law Firm, and Chris Leavitt (an attorney at The Buzbee Law Firm) as responsible third parties for funds paid to the Firm's client, Laquille Tyner. *See Tyner v. Callan Marine, Ltd.*, 2020CCV-61393-2, Nueces County, Tex. As stated in Callan Marine's motion:

> In connection with these contested allegations, but in compliance with its obligations under the [Jones] Act, Defendant, Callan paid maintenance and cure payments to the Anthony G. Buzbee, LP (the "Buzbee Firm"). These funds, which even included some of Mr. Tyner's unearned advances, were paid to the Buzbee Firm because that was following their demand. Callan was unaware that they were not getting the credit that was due or that these payments were being

5

converted by the Buzbee firm to appear as tokens of their own generosity. It is clear that Mr. Tyner alleges in his pleading that he did not receive all funds he thought were due from Callan and that he was harmed by the conduct. What Mr. Tyner did not know was that it was his own lawyers that were intercepting the funds and that his own attorney failed to place them in an IOLTA account. Even worse, these same attorneys have attempted to conceal their own shameful conduct and transform it into a larger damage award for their client. It was the conduct of the Responsible Third Parties that created the lawyer induced disappointment of Mr. Tyner in his employer Callan. It was these same lawyers, and this law firm, who failed to protect said funds in an IOLTA account or distribute them properly to Mr. Tyner.

15. Based on information and belief, Mr. Thompson and his family are similar victims of the same pattern of abuse and unethical conduct by Buzbee and The Buzbee Law Firm.

E. **Buzbee's pattern of abuse is not limited to vulnerable seamen**

16. Buzbee's misconduct and abuse are not limited to vulnerable injured seamen.

*Allegedly Assaulting Client*

17. On November 19, 2024, a former Buzbee Law Firm client filed suit against Buzbee alleging that, while Buzbee was representing her during her divorce proceedings, he flew into a fit of rage and physically assaulted, leaving her with a chipped tooth. Following the assault, Buzbee focused more on concealing his actions than safeguarding his client's interests in the divorce action.[2]

---

[2] *Attorney Repping Alleged Victims Sued for Assault*, Nov. 21, 2024, https://www.tmz.com/2024/11/21/diddy-attorney-tony-buzbee-sued-accused-of-assault/ ("[S]he is alleging she was in a public place when Buzbee saw her, flew into a 'fit of rage' and allegedly pushed a champagne flute into her face, chipping her tooth. She says she has both medical and dental records to prove her injuries. . . . The woman's lawyer, Jeremy Bohrer, tells TMZ, 'Tony Buzbee is a hypocrite. There is nothing worse than when a black hat masquerades as a white hat.'").

***Allegedly Providing Financial Incentives to a Known Witness***

18. In *Haywood v. Univ. of Pittsburgh*, No. 11-1200, 2012 U.S. Dist. LEXIS 179045, at *2, a federal court invalidated Buzbee's referral agreement as "invalid as a matter of public policy."

***Allegedly Submitting Incorrect or Fraudulent Evidence***

19. In *In re Lowe's Home Ctrs., LLC*, 531 S.W.3d 861 (Tex. App. 2017), Buzbee was accused of submitting a "venue pleadings and [his client's] affidavit" that were "at best, incorrect, and at worst, fraudulent." *See In re Lowe's Home Ctrs., LLC*, 531 S.W.3d 861 (Tex. App. 2017). To avoid the consequences of his misconduct, Buzbee unilaterally nonsuited the case and refiled it elsewhere.

### V.  CAUSES OF ACTION

<u>Count I: Breach of Fiduciary Duty</u>
**(Against All Defendants)**

20. Plaintiff incorporates paragraphs 1 through 21 by reference, as if restated fully herein.

21. Mr. Thompson had an attorney-client relationship with Defendants. As his attorneys, Defendants promised to represent Mr. Thompson with loyalty and care and to help him recover physically and financially from the injury he suffered as a Jones Act Seaman. The special relationship gives the attorney insight and control over the client's life that renders him vulnerable, which is why ethics rules and applicable law require undivided loyalty to the client.

22. For example, Defendants knew that Plaintiff struggled with opioid addiction and was wholly dependent on The Buzbee Law Firm to made decisions regarding the litigation that were in the best interests of Mr. Thompson and his family.

23. Defendant Buzbee and The Buzbee Law Firm owed Mr. Thompson duties of care and loyalty that included safekeeping of funds recovered on his behalf in a trust account, or immediate dispersal of funds paid to Mr. Thompson to cover living expenses for he and his family.

24. Defendants breached their fiduciary duties to Mr. Thompson including by commingling his funds with their operating funds; and by misappropriating his funds for their own benefit, and by converting his funds to their own use and by charging Mr. Thompson interest on these funds to his detriment.

25. Defendants made these loans to Mr. Thompson's family members, rather than Mr. Thompson himself, to sidestep safeguards in Rules of Professional Conduct 1.4, 1.5, and 1.8, which are expressly intended to protect vulnerable clients like Mr. Thompson.

26. Defendants breached their fiduciary duties to Mr. Thompson, as described herein, and as will be proved in discovery and at trial, and damaged Mr. Thompson by denying him maintenance and cure, charging him interest on his own funds, inflating case expenses, requiring him to incur unnecessary travel and medical expenses, and other amounts that will be proven at trial.

### Count II: Fraud (Louisiana Law – La. Civ. Code 1953)
**(Against All Defendants)**

27. Plaintiff incorporates paragraphs 1 through 28 by reference, as if fully restated herein.

28. Under federal maritime law, Strategic Towing, Mr. Thompson's employer, owed him maintenance-and-cure payments during the pendency of this injury and lawsuit.

29. Defendants misappropriated Mr. Thompson's maintenance-and-cure payments from Strategic Towing by directing these payments to The Buzbee Law Firm, depositing them into The Buzbee Law Firm's operating account, issuing them to Mr. Thompson as high interest loans, and recover both principal and interest from Mr. Thompson at the conclusion of his case. All the

8

while, Mr. Thompson and his family's living were left unpaid. While he was represented by Buzbee and The Buzbee Law Firm, Mr. Thompson struggled with rent, groceries, utilities, gas and other expenses that maintenance-and-cure were expressly intended to cover.

30. Mr. Thompson has been damaged by Defendants' misappropriation and misuse of Defendants have concealed from Mr. Thompson the amount of maintenance-and-cure payments that Strategic Towing made on Mr. Thompson's behalf, the manner in which these funds were used, and the amount to which Mr. Thompson was entitled. These amounts of damage will be proven in discovery and at trial.

### Count III: Conversion
### (Against All Defendants)

31. Plaintiff incorporates paragraphs 1 through 32 by reference as if restated fully herein.

32. In the Texas lawsuit, Defendants were pursuing recovery for Mr. Thompson's injuries sustained while working as a Jones Act Seaman. Plaintiff was entitled to receive maintenance-and-cure payments from non-party Strategic Towing during the pendency of that lawsuit. Based on information and belief, Strategic Towing made maintenance-and-cure payments to The Buzbee Law Firm on behalf of Mr. Thompson. These maintenance-and-cure payments were intended by Strategic Towing to provide for Mr. Thompson's living expenses and medical care while he was pursuing his lawsuit. Defendants were entrusted with the payments as Mr. Thompson's attorneys and were obligated to pass these payments on to Mr. Thompson so they could be used for their intended purpose – to provide for Mr. Thompson and his family while he was injured.

33. Based on information and belief, Defendants failed to deposit Mr. Thompson's maintenance-and-cure payments in a segregated IOLTA trust account, as required by Rules of Professional Conduct but rather deposited these funds in The Buzbee Law Firm's operating

9

account for its own use and benefit including loaning Mr. Thompson's funds back to him with interest. Defendants, without any claim of title or ownership, continued to withhold and use these funds for its own benefit throughout Mr. Thompson's lawsuit despite his repeated demands to release the maintenance-and-cure payments that had been paid for his benefit.

## VI.  JURY DEMAND

Plaintiff demands a trial by jury on all triable issues.

## VII.  REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Matthew Ray Thompson, Jr. prays for judgment against Defendants Anthony G. Buzbee and Anthony G. Buzbee L.P. (d/b/a The Buzbee Law Firm) including the following relief:

A judgment in favor of Plaintiff and against Defendants on all counts including an award of Plaintiff's actual damages, punitive damages, statutory damages, reasonable and necessary attorneys' fees, expert fees, and court costs; and all other relief in favor of Plaintiff that the Court may deem appropriate.

Dated: December 9, 2024.

        Respectfully submitted,

        MATTHEW RAY THOMPSON, JR.

    By: /s/ *Timothy W. Porter*
        Tim Porter, La. Bar No. 24863
        PORTER MALOUF, P.A.
        825 Ridgewood Road
        Ridgeland, MS 39157
        Telephone: (601) 957-1173
        Facsimile:  (601) 957-7366
        tim@portermalouf.com

OF COUNSEL:

Kelley Berry (Lead Counsel)
(Pro Hac Pending)
BERRY & MUNN, P.A.
P.O. Drawer 768
201 Downing Street
Hazlehurst, MS 39083
(601) 894-4150
kberry@berrymunnpa.com

Tim Porter, La. Bar No. 24863
PORTER MALOUF, P.A.
825 Ridgewood Road
Ridgeland, MS 39157
Telephone: (601) 957-1173
Facsimile: (601) 957-7366
tim@portermalouf.com

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Matthew Ray Thompson, Jr.

### DEFENDANTS
Anthony G. Buzbee and Anthony G. Buzbee LP, (d/b/a The Buzbee Law Firm)

**(b)** County of Residence of First Listed Plaintiff: Jefferson Parish, LA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Timothy Porter, Porter & Malouf, PA, 825 Ridgewood Rd, Ridgeland, MS 39157; (601) 9571173

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** [x] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** [ ] 540 Mandamus & Other | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights [ ] 555 Prison Condition [ ] 560 Civil Detainee - Conditions of Confinement | [ ] 462 Naturalization Application [ ] 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332 Diversity of Citizenship
Brief description of cause:
Breach of Fiduciary Duty, Fraud and Conversion.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** over $100,000+punitive
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE: December 9, 2024
SIGNATURE OF ATTORNEY OF RECORD: /s/ Timothy W. Porter, LA Bar No. 24863

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  (b)  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  (c)  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

V.  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI.  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.