# EXHIBIT 3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ANTHONY G. BUZBEE,<br><br>　　　　　　　　　　Defendants. | Index No.<br><br>Date Index No. Purchased:<br><br>Plaintiff designates New York County as the place of trial.<br><br>The basis of venue is CPLR § 503.<br><br>**<u>SUMMONS WITH NOTICE</u>** |

**TO THE ABOVE NAMED DEFENDANT:**

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED and required to serve upon the attorneys for Jane Doe, at the address stated below, a notice of appearance or demand for complaint within twenty (20) days after the service of this Summons (excluding the day of service itself) or within thirty (30) days after service if this Summons is not personally delivered to you within the State of New York.

The Plaintiff designates New York County as the place of trial.  Venue is proper in this Court under CPLR § 503 because Defendant maintains a residence and is licensed as an attorney within New York, New York, and a substantial part of the events giving rise to these claims occurred here.  This Court may exercise personal jurisdiction over Anthony G. Buzbee pursuant to CPLR § 302(a)(3) because he committed a tortious act that harmed Plaintiff in New York and because he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, and/or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

## NOTICE

This is an action for Legal Malpractice, Violation of Judiciary Law § 487(2), Breach of Fiduciary Duty, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Misrepresentation, Fraudulent Concealment, Fraud, Tortious Interference, and Declaratory Judgment. Plaintiff brings these causes of action to address Defendant's misconduct, which began with his assault of Plaintiff and escalated during his representation of her in divorce proceedings, where he prioritized concealing his actions over safeguarding her legal interests. Defendant's unethical conduct resulted in a Divorce Settlement that deprived Plaintiff of millions of dollars to which she was legally entitled. The relief that Plaintiff seeks includes: (i) actual damages, consequential damages, punitive damages, and any such other relief available under the causes of action in an amount to be determined at trial; (ii) a declaration that the Divorce Settlement is null and void; (iii) the costs of bringing this suit, including reasonable attorneys' fees; and (iv) and such other, further, and different relief as to the Court appears just and proper.

YOU ARE HEREBY NOTIFIED that, on your failure to appear or answer, a judgment will be entered against you by default granting the relief requested above, including damages to be determined, plus interest at the rate prescribed by law, attorneys' fees, costs of this action and such other and further relief as this Court may deem just and proper.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

<table>
<tr><td>Dated: New York, New York<br>November 19, 2024</td><td>BOHRER PLLC</td></tr>
<tr><td></td><td>By: _____<br>Jeremy I. Bohrer<br>1717 West 6th Street<br>Suite 100<br>Austin, TX 78703<br>jb@bohrerpllc.com<br><br>*Attorneys for Plaintiff Jane Doe*</td></tr>
</table>

TO:

Anthony G. Buzbee
The Buzbee Law Firm
600 Travis St #7500
Houston, TZ 77002

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.