# THE BUZBEE LAW FIRM

***www.txattorneys.com***

December 20, 2024

**VIA ECF**
**Email and U.S. Mail**
Torres_NYSDChambers@NYSD.USCOURTS.COV

Honorable Analisa Torres
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

*Re*: *Plaintiff's Response to Shawn Carter's Request for Expedited Rule 11 Motion, Jane Doe v. Sean Combs et al.,* 24-cv-07975-AT

Dear Judge Torres:

By letter motion filed on December 13, 2024, defendant Shawn Carter notified the Court of his intention to file a motion to strike and motion for sanctions "immediately" under Rules 11(c)(2) and 12(f). As with defendant Carter's prior letters filed in this case, it is histrionic in tone but substantively groundless.

Defendant Carter threatens Plaintiff with a Rule 11 motion based on questions raised by *one single television interview* concerning events occurring *twenty-four years ago*, when Plaintiff was *thirteen years old*. Defendant Carter also asks this Court to alter the Federal Rules of Civil Procedure in his favor, by abrogating the mandatory twenty-one-day Rule 11 safe harbor period, without any legal support or factual justification whatsoever. The former is frivolous and the latter is impermissible.

Defendant Carter's threat of a Rule 11 motion is frivolous because it characterizes run-of-the-mill disputes of fact as "proof" that Plaintiff's complaint is baseless. *None* of the factual issues Carter identifies are sufficient even to grant summary judgment in Carter's favor, much less support Rule 11 sanctions. The fact that the defendant or a potential witness does not agree with or recollect the facts alleged in the complaint does not, and cannot, give rise to a motion for sanctions for filing a baseless complaint Defendant Carter's threat of an "immediate" sanctions motion on the first whisper of factual uncertainty is just one more instance of bullying, intended to have a chilling effect on Plaintiff, Plaintiff's counsel, and any potential plaintiffs watching these proceedings.

A Rule 11 motion is frivolous on the additional ground that expecting a victim of sexual assault over two decades ago, when that victim was a minor (and, as her interview revealed, also autistic) to have perfect recall of all facts is outrageous. Defendant Carter twists Plaintiff's words when he accuses her, for instance, of "guessing" at the timing of events alleged in the complaint, such as the length of car rides. But New York courts have expressly acknowledged that plaintiffs in this type of case *cannot* be expected to have exacting recall and command of all relevant facts. *See Pisula v. Roman Catholic Archdiocese of N.Y.*, 201 A.D.3d 88, 104 (N.Y. App. Div. 2021) ("We recognize that in matters of sexual abuse involving minors, as recounted by survivors years after the fact, dates and times are sometimes approximate and incapable of calendrical exactitude" and approving allegations spanning a four-year window of time in which the abuse could have occurred).

There is no basis for a Rule 11 motion here, and if filed such a motion would itself be subject to a Rule 11 motion in response. Of course, we cannot prevent defendant Carter from wasting the resources of this Court and all parties in pursuing one.

However, defendant Carter's request that the Court "shorten the filing deadline" for his threatened Rule 11 motion from 21 days to *1 day* is entirely improper. Carter fails to cite any precedent whatsoever to support this astonishing request – because there is none. Carter also fails to cite any reason why the Federal Rules of Civil Procedure should be abrogated in his favor in this particular case. Again, there is none.

The 21-day safe harbor under Rule 11 exists to provide parties and counsel time to assess the objections being made and to withdraw or modify a pleading or other paper if necessary. FRCP 11(c)(2); *Fierro v. Gallucci*, 423 F. App'x 17, 19 (2d Cir. 2011). The safe-harbor period has been recognized by the Second Circuit as "a strict procedural requirement." *Star Mkt. Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012); *see also Fierro,* 423 F. App'x at 19 (safe harbor "requires" motion to be served 21 days prior to their filing). It cannot be shortened here because Mr. Carter and his counsel "request" as much, whether in an attempt to play "gotcha," or to exert additional pressure on Plaintiff, or for any other reason.

From the outset, defendant Carter and his counsel have shrilly maintained an entitlement to different rules and faster procedures – from "expedited briefing" on the issue of anonymity and a "summary dismissal" of Plaintiff's complaint to, now, a wholesale elimination of the 21-day safe harbor under Rule 11. In each instance the goal has been to blur the facts and rush a decision. But there is aggressive advocacy and then there is bad faith. Mr. Carter's latest tactics, much like his open threat to refer Plaintiff's attorneys for disciplinary action, cross that line.

Moreover, outside of the courtroom, Mr. Carter has employed tactics of intimidation and harassment even more extreme, tortious, and quite possibly illegal. My firm recently filed a lawsuit in Harris County, Texas, that details how Mr. Carter's company (Roc Nation) and his counsel have bribed my clients to file lawsuits against my firm, threatened former clients, impersonated state officials, and engaged in other behavior far beyond the pale of acceptable conduct. Their tactics won't work, and they will be addressed in more detail in connection with the parties' briefing on Plaintiff's anonymity.

Like Mr. Combs, Mr. Carter is rich, famous, and powerful. Mr. Carter will exert all the pressure he can to intimidate and harass Plaintiff, me, or anyone else. The chilling effect of those efforts is substantial, as is the potential chilling effect of a Rule 11 motion being brought in these circumstances. But ultimately, in our court system, the rules are the same for Mr. Carter and for the Plaintiff here, and the Rule 11 safe harbor cannot be abrogated on his whim.

Finally, defendant Carter raises the status of my admission in the Southern District of New York. As with his previous letters to this Court, his December 13 letter includes a substantial amount of defamatory suggestions about me, including that I am somehow attempting to "circumvent the authority of this Court to enforce Rule 11" against me. That is nonsense. I am a member of the State Bar of New York and am admitted to the Eastern District of New York. I intend to apply for reciprocal admission to the Southern District. The fact that I have signed pleadings and letters filed in this Court does not reflect any attempt by me to "evade" responsibility for anything. To the contrary, I have signed those pleadings and papers because I am lead counsel in this and other similar cases pending in this District.

Respectfully,
*/s/ Anthony G. Buzbee*
Anthony G. Buzbee