UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| Jane Doe,                                                                    X | |
|         Plaintiff, | |
|    v. | |
| SEAN COMBS, DADDY'S HOUSE RECORDINGS INC., CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a COMBS ENTERPRISES LLC, BAD BOY ENTERTAINMENT HOLDINGS, INC., BAD BOY PRODUCTIONS HOLDINGS, INC., BAD BOY BOOKS HOLDINGS, INC., BAD BOY RECORDS LLC, BAD BOY ENTERTAINMENT LLC, BAD BOY PRODUCTIONS LLC, ORGANIZATIONAL DOES 1-10, INDIVIDUAL DOES 1-10, AND SHAWN CARTER | 24-cv-07975-AT |
|         Defendants. | |

_____ X

# DEFENDANT SHAWN CARTER'S OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY

Consistent with the arguments raised in his Motion to Deny Plaintiff's Request to Proceed Anonymously (Dkt. No. 38),[1] Defendant Shawn Carter respectfully submits this memorandum of law in opposition to Plaintiff's Motion to Proceed Anonymously (the "Motion").

## ARGUMENT

For the reasons set forth in Mr. Carter's Motion to Deny Plaintiff's Request to Proceed Anonymously (Ex. 1), the balance of interests at stake weighs strongly against granting Plaintiff's motion to proceed under a pseudonym. The fundamental question is whether Plaintiff has a "substantial privacy" interest that "outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). She does not. Plaintiff, who is an adult, has now decided to file an Amended Complaint (though her counsel has since admitted he did not vet it) in which she accuses Mr. Carter of engaging in heinous conduct more than twenty years ago. (**Exhibit 2** (NBC Article) at 3.) And she has chosen to have her counsel loudly try this case in the media and the court of public opinion. Indeed, five days after she filed the Motion, Plaintiff sat for an interview with NBC where she expressed that she is not afraid to "advocate for [her]self" (and in which she discussed personal details about herself—such as her status as a person with Autism). (*Id.* at 5-7.) Moreover, there is no evidence of "exceptional circumstances that in and of themselves justify overriding the constitutional presumption of openness." *Doe v. Del Rio*, 241 F.R.D. 154, 160 (S.D.N.Y. 2006). Mr. Carter has a right to defend himself, including by investigating Plaintiff, and the people have a right to know who is using their courts. *See id.*; *United States v. Pilcher*, 950 F.3d 39, 42 (2d Cir. 2020). That is especially true where, as here, Plaintiff's interview with

---

[1] Mr. Carter filed his Motion to Deny Plaintiff's Request to Proceed Anonymously one day after Plaintiff filed her Motion. Mr. Carter fully incorporates all arguments set forth in his Motion (attached hereto as **Exhibit 1**) into this Opposition.

1

NBC made clear that there are blatant factual inconsistencies in her story—including who she spoke with, where the alleged conduct took place, and even how she got home—requiring Plaintiff to admit that she has "made some mistakes." (Ex. 2 at 7-8.) For example, Plaintiff claimed her father picked her up after the incident and drove her home, but when asked by NBC, Plaintiff's father denied recalling ever picking his daughter up and driving her over five hours home to Rochester. But the identity of Plaintiff's father—a crucial defense witness—is presently unknown to Mr. Carter due to Plaintiff's use of a pseudonym. Plaintiff has not carried her burden to show that she is entitled to any exceptional remedy here.

## CONCLUSION

For the foregoing reasons, Mr. Carter respectfully requests that this Court deny Plaintiff's Motion to Proceed Anonymously and require Plaintiff to refile her complaint with her true name.

DATED:   December 23, 2024

QUINN EMANUEL URQUHART &
   SULLIVAN, LLP


By: /s/ *Alex Spiro*

Alex Spiro
Quinn Emanuel Urquhart & Sullivan, LLP
295 5th Avenue
New York, New York 10016-7103
(212) 849-7000

*Attorneys for Shawn Carter*