```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/26/2024_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Jane Doe,

                Plaintiff,

-against-

SEAN COMBS, DADDY'S HOUSE RECORDINGS INC., CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a COMBS ENTERPRISES LLC, BAD BOY ENTERTAINMENT HOLDINGS, INC., BAD BOY PRODUCTIONS HOLDINGS, INC., BAD BOY BOOKS HOLDINGS, INC., BAD BOY RECORDS LLC, BAD BOY ENTERTAINMENT LLC, BAD BOY PRODUCTIONS LLC, ORGANIZATIONAL DOES 1-10, INDIVIDUAL DOES 1-10, AND SHAWN CARTER,

                Defendants.

24 Civ. 7975 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, Jane Doe, filed this action on October 20, 2024, alleging violation of the New York City Victims of Gender-Motivated Violence Protection Act, N.Y.C. Admin. Code § 10-1101 *et seq*. *See generally* ECF No. 1. By order dated November 6, 2024, the Court provisionally granted Plaintiff's motion to proceed anonymously, explaining that Defendants had yet to appear in this matter and that the balance of interests weighing for or against anonymity may shift as her suit continues. ECF No. 28.

    On December 8, 2024, Plaintiff amended her complaint to add Shawn Carter, known professionally as Jay-Z, as a Defendant. *See generally* Am. Compl., ECF No. 29. Plaintiff again sought leave to proceed anonymously, ECF No. 32, but this time Carter's counsel appeared and moved to deny her motion or, in the alternative, to dismiss her amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), ECF Nos. 36–37, 40. Carter also moved for an expedited hearing on the issue. ECF No. 41. The next day, Carter's attorney filed a letter containing a declaration from an associate at his law firm recounting a phone conversation she had with an unnamed woman who claimed that Plaintiff's counsel encouraged her to lie about her experience of sexual assault. ECF Nos. 42, 42-1. Carter's lawyer asked the Court to consider this additional information in connection with Plaintiff's motion to proceed anonymously. ECF No. 42. Plaintiff's counsel denied Carter's allegations against him. ECF No. 44.

On December 13, 2024, Carter's attorney filed an additional letter alerting the Court to a recently published interview of Plaintiff on NBC News. ECF Nos. 46, 46-1; *see also* ECF No. 52. In the interview, Plaintiff, speaking anonymously, explained her allegations against Defendants and her reasons for coming forward now. *See generally* ECF No. 46-1. Carter's lawyer points to the interview—in which Plaintiff admitted to inconsistencies in her story—as evidence that Plaintiff's claims have "no factual basis whatsoever." ECF No. 46 at 2. He also argues that Plaintiff's counsel violated Federal Rule of Civil Procedure 11(b) by "fail[ing] to undertake a reasonable inquiry into the facts before filing the complaint" and failing to seek admission *pro hac vice* to this Court. *Id.* Carter's attorney requested an expedited briefing schedule for a motion to strike the first amended complaint under Federal Rules of Civil Procedure 11(c)(2) and 12(f).[1] *Id.* at 3.

The next day, Carter's counsel submitted yet another filing: a motion for an emergency order directing the preservation of evidence and striking the amended complaint under Rule 12(f). ECF Nos. 47–49.

I. Motion to Proceed Anonymously

In deciding whether a plaintiff may proceed anonymously, courts balance "the plaintiff's interest in anonymity" against "both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). The Second Circuit has laid out a non-exhaustive list of factors to be considered:

(1) whether the litigation involves matters that are highly sensitive and of a personal nature;
(2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;
(3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;
(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of h[er] age;
(5) whether the suit is challenging the actions of the government or that of private parties;
(6) whether the defendant is prejudiced by allowing the plaintiff to press h[er] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
(7) whether the plaintiff's identity has thus far been kept confidential;
(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose h[er] identity;

---

[1] Plaintiff's lawyer has since responded, arguing that a Rule 11 motion would not be appropriate here. *See generally* ECF No. 50.

> (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and
> (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (cleaned up) (citations omitted).  A court "is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id.* at 191 n.4.

Here, the weight of the factors tips in favor of allowing Plaintiff to remain anonymous, at least for this stage of the litigation.

Factors 1, 2, 4, and 7 weigh strongly in favor of anonymity.  In her amended complaint, Plaintiff alleges that Defendants drugged and raped her when she was only thirteen.  Am. Compl. ¶¶ 49–60.  Courts in this District have recognized that allegations concerning sexual assault are "highly sensitive" and "of an extremely personal nature." *Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 505 (S.D.N.Y. 2019); *see, e.g.*, *Doe 3 v. Indyke*, No. 24 Civ. 1204, 2024 WL 4299757, at *3 (S.D.N.Y. Sept. 26, 2024); *Doe v. Townes*, No. 19 Civ. 8034, 2020 WL 2395159, at *3 (S.D.N.Y. May 12, 2020).  Plaintiff is "particularly vulnerable to the possible harms of disclosure," *Sealed Plaintiff*, 537 F.3d at 190: according to her amended complaint, she continues to experience depression, post-traumatic stress disorder, and a seizure disorder associated with the stress of her sexual assault, Am. Compl. ¶ 61; *see also Indyke*, 2024 WL 4299757, at *2 (denying disclosure in part because of the risk it posed to Plaintiff's "already fragile mental health").  Moreover, Plaintiff's counsel asserts that many of his other clients who have filed similar lawsuits against Sean Combs claim to have been threatened by Mr. Combs for their decision to speak out.  ECF No. 33 ¶¶ 5–6.  And finally, although Plaintiff sat for an interview with NBC News concerning her case, NBC allowed her to conduct the interview anonymously.  ECF No. 46-1 at 5.

Granted, several factors weigh against allowing Plaintiff to proceed anonymously.  Plaintiff is challenging the actions of private parties, not the government, and given the media attention surrounding this case, the public has a substantial interest in this litigation separate and apart from its general interest in an accused "being able to publicly confront an accuser." *Doe v. Combs*, No. 23 Civ. 10628, 2024 WL 863705, at *5 (S.D.N.Y. Feb. 29, 2024).  Alternative mechanisms may exist to protect confidentiality, namely, the redaction and sealing of documents.  *See Skyline Autos.*, 375 F. Supp. 3d at 408.  Most importantly, Plaintiff's continued anonymity may cause prejudice to Defendants, making it more difficult for them to collect the facts necessary to mount a defense and, as appropriate, challenge Plaintiff's credibility.  *Combs*, 2024 WL 863705, at *4 (identifying the "most significant form of prejudice to Defendants" as "the discovery disadvantage that Plaintiff's anonymity would present").  The Court does not take such prejudice lightly.

Nevertheless, at this exceedingly early stage in this case, the factors counseling against disclosure outweigh those that counsel in favor.  *Cf. Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 226 (S.D.N.Y. 2015) (requiring the plaintiff to identify herself as the case approached trial).

Accordingly, Plaintiff's motion to proceed anonymously is GRANTED. Plaintiff is advised that, because the balance of these factors will certainly shift as this case proceeds, especially if and when the parties engage in discovery in earnest, the Court intends to revisit this decision at a future date.

    II.    <u>Remaining Motions</u>

Since Carter's attorney first appeared in this case seventeen days ago, he has submitted a litany of letters and motions attempting to impugn the character of Plaintiff's lawyer, many of them expounding on the purported "urgency" of this case. *See, e.g.*, ECF No. 38 at 1–2 (describing Plaintiff's counsel as "self-promoting" and accusing him of "extort[ion]"); ECF No. 41 at 1 (requesting to be heard "on an expedited basis" and accusing Plaintiff's counsel of "exploiting the legal process to generate media attention"); ECF No. 42 at 1 (asserting that Plaintiff's counsel "seeks only to benefit himself"); ECF No. 46 at 3 (requesting the shortening of a deadline "from 21 days to 1 day"); ECF No. 48 at 11, 15 (describing Plaintiff's counsel as willing "to blatantly violate th[e] core ethical obligation[s] of all attorneys" and requesting a hearing on a motion the following day).

Carter's lawyer's relentless filing of combative motions containing inflammatory language and ad hominem attacks is inappropriate, a waste of judicial resources, and a tactic unlikely to benefit his client. The Court will not fast-track the judicial process merely because counsel demands it.

Moreover, although Carter's attorney assails Plaintiff's lawyer as having a "chronic inability to follow the rules," ECF No. 48 at 3, Carter's counsel has failed to abide by this Court's clear rules. Under the Court's Individual Practices in Civil Cases, and with limited exceptions, "[a] pre-motion letter is required prior to the filing of any motion." ¶ 3.A.1. Although Carter's attorney stated that he "intend[ed] to file immediately a motion to strike the first amended complaint under [Rule 12(f)]," ECF No. 46 at 3, he did not give Plaintiff the requisite five business days to respond, *see* Individual Practices ¶ 3.A.2., wait for the Court to set a motion schedule, *see id.*, or state whether any exception to the Court's Individual Practices applied, s*ee* ECF Nos. 47–49. This is unacceptable.[2] Counsel is hereby advised that any further motions filed in violation of the Court's Individual Practices may be denied on that ground alone.

Lastly, although Carter's attorney is entitled to file a Rule 11 motion without first seeking leave of court, *see* Individual Practices ¶ 3.A, the Court discourages this approach. If he still intends to serve Plaintiff with a motion for sanctions, the Court denies his request to shorten the safe harbor provision contained within Rule 11(c)(2) from 21 days to 1 day. *See* ECF No. 46 at 3.

---

[2] On the merits, Carter's motion to strike is denied. Motions to strike under Rule 12(f) "are generally disfavored" and will be granted "only if there is strong reason to do so." *Abdou v. Walker*, No. 19 Civ. 1824, 2022 WL 3334700, at *2 (S.D.N.Y. Aug. 12, 2022) (citation omitted). Carter's motion, which summarily asserts that Plaintiff's claims are "baseless" and "salacious," does not clear that high bar. ECF No. 48 at 14.

Carter's motion to strike the amended complaint under Rule 12(f) is DENIED. By **January 10, 2025**, Plaintiff shall file her response to Carter's motion for an order directing the preservation of evidence. By **January 17, 2025**, Carter shall file his reply, if any.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 32, 37, 40–41, and 46.

SO ORDERED.

Dated: December 26, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge