quinn emanuel trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7364**

WRITER'S EMAIL ADDRESS
**alexspiro@quinnemanuel.com**

December 30, 2024

**VIA ECF AND EMAIL**
**TORRES_NYSDCHAMBERS@NYSD.USCOURTS.GOV**

Honorable Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:    *Jane Doe v. Sean Combs et al.*, 24-cv-07975-AT

Dear Judge Torres:

We write on behalf of Defendant Shawn Carter, pursuant to Rule III(A)(ii) of Your Honor's Individual Practices in Civil Cases, to inform the Court that Mr. Carter seeks to file a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the First Amended Complaint (Dkt. No. 29) (the "FAC"). In accordance with Rule III(B)(i) of Your Honor's Rules, on December 19, Mr. Carter sent a letter to Plaintiff setting forth the bases for this motion and advising that Mr. Carter would file this pre-motion letter if Plaintiff chose to stand on her FAC. Plaintiff was required—but failed—to respond to Mr. Carter's letter within five business days, by December 27. Mr. Carter interprets Plaintiff's silence as confirmation that she will stand on the FAC as pled. Accordingly, Mr. Carter submits this pre-motion letter concerning his anticipated motion to dismiss, which will raise the following arguments.

*First*, Plaintiff cannot recover for her sole claim under the Victims of Gender-Motivated Violence Protection Act (the "GMV Law"), as a matter of law, because the statute does not have retroactive effect. Plaintiff asserts a violation of the GMV Law for conduct that purportedly occurred in September 2000. But the GMV Law was not enacted until December 19, 2000, three months *after* the FAC claims the conduct occurred, and cannot apply retroactively to create a cause of action unavailable to Plaintiff at the time in question. *Louis v. Niederhoffer*, 2023 WL 8777015, at *2 (S.D.N.Y. Dec. 19, 2023) (dismissing GMV Law claim related to conduct that occurred "before the GMV Law was passed" because statute "does not provide for retroactive or immediate effectiveness"); N.Y.C. Local Law No. 73 of 2020 at 3 (noting December 19, 2020 enactment); *see also* N.Y.C. Admin. Code § 10-1105 (noting the GMV Law was "added L.L. 73/2000 § 1, eff. Dec. 19, 2000"). A contrary conclusion would violate both state and federal due process protections.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

*Second*, even if the GMV Law had retroactive effect—it does not—to prevail, Plaintiff must show that the violative conduct was "committed within New York City." *Bass v. World Wrestling Fed'n Ent., Inc.*, 129 F. Supp. 2d 491, 506 (E.D.N.Y. 2001); *see also Beverley v. 1115 Health Benefits Fund*, 420 F. Supp. 2d 47, 56 n.2 (E.D.N.Y. 2005) (Administrative Code claims "appl[y] only to *acts* occurring within the boundaries of New York City."). The FAC alleges that the violative conduct is "forc[ed] sexual contact" (FAC ¶ 63) but does not assert that *this* conduct occurred in New York City, nor could it. According to the FAC, Plaintiff was driven from Radio City Music Hall to a "large white residence with a gated U-shaped driveway"—a drive that took 20 minutes. (FAC ¶¶ 43–44.) This is where the alleged assault took place. (*Id.*) The FAC's description of the residence in question, however, combined with public records, confirms that any such residence—to the extent it existed at the time—would have been located outside the territorial boundaries of New York City. As such, assuming the well-pled factual allegations are true—they are not—they cannot plausibly state a claim for relief.

*Third*, any viable GMV Law claim is time-barred under New York's Child Victims Act ("CVA"), which preempts Plaintiff's GMV Law claim. The FAC alleges the conduct occurred 20+ years ago, well outside the CVA's statute of limitations. Though the CVA was amended in 2019 to create a 2-year and 6-month revival period, that period expired in August 2021. CPLR 214-g. Plaintiff seeks to plead around this statute of limitations issue by asserting a claim under the GMV Law, which contains a longer revival period. Courts in this District, however, have recognized that the CVA's revival period preempts the GMV Law's overlapping and extended one. *Bellino v. Tallarico*, 2024 WL 1344075, at *1 (S.D.N.Y. Feb. 21, 2024), *appeal withdrawn*, 2024 WL 3170987 (2d Cir. Apr. 4, 2024). (*See also* FAC ¶ 71.) As such, Plaintiff's claim expired no later than August 2021.

Thank you for Your Honor's consideration of this request.

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Alex Spiro

CC: Antigone Curis