# THE BUZBEE LAW FIRM

## *www.txattorneys.com*

December 31, 2024

**Via Email and U.S. Mail**
Torres_NYSDChambers@NYSD.USCOURTS.COV

Hon. Analisa Torres
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Recent "Letter Briefs" filed in Jane Doe v. Shawn Carter et al.,* 24-cv-07975-AT

Your Honor:

I write on behalf of Plaintiff Jane Doe in response to Defendant Shawn Carter's letter dated December 30, 2024 (Dkt. No. 56), pursuant to which Defendant requests leave to file a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's First Amended Complaint (Dkt. No. 29) (the "FAC").

Defendant states his intention to move for dismissal on the grounds that Doe cannot pursue her claim under the New York City Victims of Gender-Motivated Violence Protection Act, N.Y.C. Admin. Code § 10-1101 *et seq.* ("GMVA") because the GMVA "does not have retroactive effect." However, neither the Second Circuit nor the New York Court of Appeals has endorsed this reading of the GMVA. In support of his argument, Defendant cites a trial court order decided on an unopposed record, which is merely persuasive authority. *See Louis v. Niederhoffer*, 2023 WL 8777015, at *1 (S.D.N.Y. Dec. 19, 2023) (*pro se* plaintiff failing to brief GMVPL retroactivity issue; *see* Case No. 23-cv-06470-LTS, Dkt. 17); *Adams v. Jenkins*, 2005 WL 6584554 (N.Y. Sup. Ct. Apr. 22, 2005) (plaintiff failing to address GMVA retroactivity issue).

Defendant's argument as to the GMVA is unpersuasive, as it is contrary to the law's primary intention: to make it easier for victims of gender-motivated violence to seek civil remedies in court—not, as Defendant would have it, make it harder. New York City passed the GMVA "[i]n light of the void left by the Supreme Court's decision" in *United States v. Morrison*. N.Y.C. Admin. Code § 8-902. *Morrison* struck down the federal right of action for victims of gender-motivated violence under the Violence Against Women Act (VAWA) (42 U.S.C. § 13981), holding that Congress lacked the authority under the Commerce Clause or the Fourteenth Amendment to pass such a remedy. 529 U.S. 598, 627 (2000).

The Supreme Court, however, urged local governments to provide a remedy to women (like Morrison) who had been brutally raped, as "no civilized system of justice could fail to provide her a remedy." *Id*. New York City rallied to that call and passed the GMVA. *See Cadiz-Jones v. Zambretti*, 2002 WL 34697795 (Sup. Ct. N.Y. Cnty. April 9, 2002) (legislative history of the GMVA shows the Council intended to fill the void left by *Morrison*). The City Council recognized that "gender-motivated violence is widespread throughout the United States" and "that three out of four women will be the victim of a violent crime sometime during their lives." N.Y.C. Admin. Code § 8-902. The Council also concluded "that victims of gender-motivated violence frequently face a climate of condescension, indifference and hostility in the court system." *Id*.

The Council sought, therefore, to create a private right of action for victims of gender-motivated violence "to resolve the difficulty that victims face in seeking court remedies by providing an officially sanctioned and legitimate cause of action for seeking redress for injuries resulting from gender-motivated violence." N.Y.C. Admin. Code § 8-902. "It is fundamental that in interpreting a statute, the court should attempt to effectuate the intent of the Legislature." *Cadiz-Jones*, 2002 WL 34697795, at *1 (holding based on statutory text and history that the GMVA was intended to apply retroactively). The Council intended the GMVA to make it easier for victims of gender-motivated violence to seek court remedies, and it intended the same when it passed the 2022 amendment to the law. *See, e.g., City Council H'rg Testimony* (Nov. 29, 2021) at 41 (testimony in support of act's passage describing sexual abuse in 1993); Hr'g Tr. (Nov. 29, 2021) at 129–30 ("In summary, there is no timeline on processing trauma.")

Similarly, Defendant also intends to seek dismissal on the grounds that "any viable GMV Law claim is time-barred under New York's Child Victims Act ("CVA"), which preempts Plaintiff's GMV Law claim." However, this Court in *Doe v. Gooding* found that "local antidiscrimination laws are generally not preempted by state law in New York." 2022 U.S. Dist. LEXIS 68607, at *6 (S.D.N.Y. Apr. 13, 2022). Moreover, in *Doe v. Black*, this Court rejected the very same argument Defendant makes here. 2024 U.S. Dist. LEXIS 175929 (S.D.N.Y. Sept. 27, 2024.

Finally, Defendant intends to seek dismissal on the grounds that the conduct alleged in the FAC could not have occurred in New York City, based on "[Plaintiff's] description of the residence in question…combined with public records, confirms that any such residence was located outside of New York City." As Defendant seeks to rely on evidence outside of the pleadings, which would transform a motion to dismiss to one for summary judgment, and as discovery it not yet underway, it is respectfully submitted that Defendant's proposed motion is procedurally improper and should be denied. *See Shi Ming Chen v. A Taste of Mao, Inc.*, 2021 WL 327703, at *2 (S.D.N.Y. 2021).

. In light of the foregoing, Plaintiff respectfully requests the Court to deny Defendant's request to file a motion to dismiss

.

                                    Sincerely,

                                 */s/ Anthony G. Buzbee*
                                  Anthony G. Buzbee