**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| JANE DOE, | Case No. 1:24-CV-07975-AT |
| Plaintiff, | |
| v. | |
| SEAN COMBS, DADDY'S HOUSE RECORDINGS INC., CE OPCO, LLC d/b/a/COMBS GLOBAL f/k/a COMBS ENTERPRISES, LLC, BAD BOY ENTERTAINMENT HOLDINGS, INC., BAD BOY PRODUCTIONS HOLDINGS, INC., BAD BOY BOOKS HOLDINGS, INC., BAD BOY RECORDS LLC, BAD BOY ENTERTAINMENT LLC, BAD BOY PRODUCTIONS LLC, ORGANIZATIONAL DOES 1-10, AND SHAWN CARTER, | |
| Defendants. | |

## DECLARATION OF ANTHONY G. BUZBEE IN OPPOSITION TO DEFENDANT SHAWN CARTER'S MOTION FOR SANCTIONS

I, **ANTHONY G. BUZBEE**, pursuant to 28 U.S.C. § 1746, declare as follows:

1.    I am an attorney duly licensed and in good standing in the State of New York, the State of Texas, and the United States District Court for the Eastern District of New York. My application for reciprocal admission in the Southern District of New York is forthcoming.

2.    I am the principal of The Buzbee Law Firm, a respected law firm based in Houston, Texas. I and my firm represent plaintiff Jane Doe in the above-captioned action (the "Action"). I have decades of litigation and trial experience in courts around the country and have received numerous recognitions over the years for professional excellence, including being named "Attorney of the Year" by *Texas Lawyer*.

3.      I submit this declaration in opposition to Defendant Shawn Carter's ("Carter")
motion for sanctions under Federal Rule of Civil Procedure 11 (the "Motion").

A.      **Counsel's Investigation of Plaintiff's Allegations**

4.      In 2024, I and my firm became involved in the civil claims arising from the
revelation that the world-famous rapper and music star defendant Sean Combs, more commonly
known as Diddy ("Combs"), was accused of engaging in systematic sexual abuse and sex
trafficking, among other potential crimes, over a period of many years.

5.      In early October 2024, Jane Doe was referred to my firm by my co-counsel in this
Action, AVA Law Group ("AVA Law"), a respected law firm with its principal office in San
Diego, California.

6.      At the time of the referral, I was informed by AVA Law that they had conducted
an investigation into the veracity of plaintiff's allegations that she had been raped by both Combs
and Carter at a Video Music Awards (the "VMAs") afterparty in 2000.  AVA Law referred
numerous cases to us.  I was informed that their intake process involved multiple interviews of
each potential client (including the plaintiff in this case), including in some cases at least one, if
not more, attorneys.  I further understood that an attorney would interview a potential plaintiff
prior to drafting a complaint, as AVA Law did here.  My understanding was that only when the
attorneys at AVA Law were convinced that plaintiff's allegations were true and ones that could
be pursued did they refer plaintiff to my firm.

7.      After plaintiff was referred to me, I and other attorneys at my firm also engaged in
further rigorous due diligence to investigate the veracity and legal viability of plaintiff's claim.
At least two attorneys at my firm interviewed the plaintiff and fact-checked various aspects of
her account, among other things, prior to revising and filing the original complaint.  Prior to the

filing of the First Amended Complaint in this action, which named Carter as a defendant, my firm undertook additional diligence efforts.  These included, among other things, further intensive interviews (which essentially amounted to interrogations) of plaintiff by three to five attorneys (both alone and in teams); research and verification of numerous details in plaintiff's account; running a background check on plaintiff; and retaining a retired police detective to investigate and verify additional aspects of plaintiff's account.  Each of the lawyers within our firm who interviewed Jane Doe have extensive experience and training doing so. Each I trust. At each point in this process we determined that plaintiff's allegations were credible. It is important to note, that I also personally interviewed Jane Doe.  I found her to be credible, and adamant about the claims she was making.  I believed her, and still do.

8.      With respect to Carter's association with Combs specifically, despite it being widely known that he is a close associate of Combs, my firm conducted additional research to confirm their close connection, which further bolstered our conclusion that plaintiff's allegations against Carter were plausible, credible, and warranted legal recourse.

9.      Further, in each of the pre-filing interviews that I and other attorneys at my firm took of plaintiff, plaintiff appeared both consistent and credible in her account of the night she alleges to have been raped by both Carter and Combs.

**B.**      **Commencement of This Action**

10.      The original complaint in this matter was filed anonymously on October 20, 2024, against Combs, and other defendants, alleging that plaintiff was raped at an after-party following the 2000 VMAs on or around September 7, 2000.  (*See* ECF 1 ¶¶ 34-57).

11.     As discussed above, before amending the complaint to name Carter as a defendant, my firm conducted substantial additional diligence, including additional intensive interviews specifically regarding her allegations against Carter.

12.     On December 8, 2024, my firm filed the First Amended Complaint (the "Amended Complaint" or "FAC") (ECF 29) naming Carter as one of plaintiff's rapists.

**C.      Carter Challenges Factual Allegations And Files His Frivolous Sanctions Motion**

13.     On December 13, 2024, Carter filed a pre-motion letter informing the court of his intent to immediately file for sanctions and requesting a shortening of the 21-day safe harbor provision in Rule 11.  (ECF 46).

14.     On December 20, 2024, I submitted a letter in response to Carter's December 13 letter, stating that a sanctions motion challenging allegations concerning a child rape victim would be "frivolous" and "would itself be subject to a Rule 11 motion in response."  (ECF 50). Specifically, I pointed to authority recognizing that a victim who was a minor at the time of the sexual assault could not be expected to have "exacting recall and command of all relevant facts." *Id*.

15.     Carter filed his meritless sanctions motion on January 8, 2025, the day after the expiration of the 21-day safe-harbor period provided by Federal Rule of Civil Procedure 11(c)(2).

**D.      Carter's Illegal Harassment of My Firm and Clients**

16.     Since the initiation of this lawsuit, many past and current employees and clients of my firm have reported being approached and harassed by individuals claiming to be investigating me and my firm, urging the clients to sue us.  These "investigators" even contacted my daughter.  Several former clients even have been offered money to sue us.  We were able to

catch this illegal activity on tape. On several occasions these so-called investigators claimed to be working for the "state" or the "feds."

17.     I am informed and believe that these so-called "investigators" are connected to Carter and are part of a concerted effort to harass and intimidate me and my firm. I base my belief on the following: (i) investigator Jessica Santiago was caught on tape informing my former client, Gerardo Garcia, that she was working for an attorney named Marcy Croft at the law firm of MJ Legal, P.A.; (ii) Ms. Croft is an attorney in Jackson, Mississippi; (iii) Ms. Croft advertises herself as a member of "Team Roc"; (iv) Ms. Croft advertises that she has become "actively involved with criminal justice reform and prison reform alongside Roc Nation's philanthropic arm, Team Roc"; (v) Roc Nation and Carter are synonymous – Carter is founder and Chairman of his entertainment company, Roc Nation; (vi) Carter's attorney, Alex Spiro of Quinn Emanuel Urquhart & Sullivan LLP, and Ms. Croft have worked alongside each other for years representing Roc Nation and Carter, including on Team Roc's criminal justice reform efforts.

18.     This conduct by the purported "investigators" and those they work for, has resulted in several frivolous lawsuits against myself and my firm. My firm has filed several cases for barratry on behalf of our former clients who were offered money to file a claim against us, and these cases detail the illegal activities of the investigators and those behind them.

19.     Based on the foregoing, and for the reasons set forth in the accompanying memorandum of law, the Rule 11 Motion should be denied.

20.     I declare under penalty of perjury that the foregoing is true and correct.



_____
                    Anthony G. Buzbee

Dated: January 22, 2025